**Joyce BELLOWS, Edgar Bellows, Barbara Stutsman, and Wayne Stutsman, Appellants–Petitioners,**

v.

**BOARD OF COMMISSIONERS OF the COUNTY OF ELKHART and Plan Commission of Elkhart County, Appellees–Respondents.**

No. 20A03–0909–CV–412.

Court of Appeals of Indiana.

April 30, 2010.

Kim Ferraro, Legal Environmental Aid Foundation of Indiana, Inc., Valparaiso, IN, Attorney for Appellants.

R. Gordon Lord, Nathaniel M. Jordan, Yoder, Ainlay, Ulmer & Buckingham, LLP, James W. Kolbus, Donald R. Shuler, Barkes, Kolbus & Rife, LLP, Goshen, IN, Attorneys for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Joyce and Edgar Bellows ("the Bellowses") and Barbara and Wayne Stutsman ("the Stutsmans") appeal the trial court's order dismissing their three-count petition for writ of certiorari and complaint for declaratory judgment ("the complaint") against the Board of Commissioners of the County of Elkhart ("the Board") and the Plan Commission of Elkhart County ("the Plan Commission"). The Bellowses and Stutsmans raise four issues for our review,

which we restate as the following three issues:

1. Whether the trial court properly dismissed Count I of the complaint for failure to state a claim upon which relief could be granted.

2. Whether the trial court properly dismissed Count II for lack of subject matter jurisdiction.

3. Whether the trial court properly dismissed Count III because the Bellowses and Stutsmans lack standing to seek a declaratory judgment.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On October 2, 2008, the Bellowses and Stutsmans filed the complaint in the Elkhart Circuit Court. The complaint stated as follows:

### COUNT I—GENERAL ALLEGATIONS

1. [The Board] is the legislative body with authority to adopt zoning ordinances for Elkhart County ... including the power to provide for planned unit development ("PUD") through adoption and amendment of zoning ordinances, including PUD district ordinances....

2. [The Plan Commission] is the Advisory Plan Commission for Elkhart County which makes recommendations to the Board on petitions for rezoning and zoning map changes....

3. K.C. Industries, LLC, is the owner and developer of certain real estate located at 29861 U.S. Highway 33, in the City of Elkhart, County of Elkhart and State of Indiana ("the subject real estate" or "the site") upon which VIM

Recycling, Inc. ("VIM") conducts certain activities including outdoor storage, grinding and mixing of regulated solid wastes including gypsum, industrial scrap wood, plastic, steel, glass, carpet, and drywall from the manufacture of mobile homes, and bio-solids from the City of Elkhart's wastewater treatment plant.

4. VIM has a long and documented history of noncompliance with federal and state environmental, health and safety laws, as well as local land use and zoning laws, and its activities constitute a nuisance to neighboring land owners.

5. Members of the BAUGO NORTH NEIGHBORHOOD GROUP ["the Neighborhood Group"[1]] including but not limited to Petitioners ... own residential property located adjacent to the subject real estate owned by K.C. Industries, LLC and are persons aggrieved and adversely affected by VIM's illegal activities and ongoing operations.

6. On January 28, 2008, the Elkhart County Zoning Administrator determined upon inspection of the VIM site that ongoing uses and activities undertaken by VIM are in violation of Elkhart County zoning law. Specifically, the Zoning Administrator noted problems with odor, vapor, smoke, gas, dust and other debris from the VIM site adversely impacting neighboring properties and determined that VIM is in violation of the Setback and Lot Coverage standards of the General Manufacturing (M–2C) District.

7. The Zoning Administrator advised that these violations "would be diminished if the activities of VIM took place entirely within a completely enclosed

---

1. The Neighborhood Group was originally identified as a plaintiff in the complaint, with the Bellowses and Stutsmans as representative members, but it was later dismissed from the proceedings with the Bellowses and Stutsmans going forward in their individual capacities.

building, so as to avoid a Junk Yard designation, or if the substantial waste products long located at the site, outside of an enclosed building, were not at hand, as such piling, accumulation, deterioration, and composting of waste products does create a sense of nuisance to the neighborhood and/or takes on dump or landfill characteristics."

8. To avoid enforcement proceedings, the Zoning Administrator directed VIM to "act promptly to secure an appropriate ... DPUD [a detailed PUD] for its uses and site development ... [or] seek developmental variances with regard to Setbacks and Lot Coverage [violations], a special use permit with regard to a landfill or dump, a conditional unit development approval for a Junk Yard or nuisance type use" or appeal the zoning administrator's decision within thirty (30) days.

9. VIM failed to appeal the Zoning Administrator's determination or timely pursue a PUD, variance, special use permit, conditional unit development approval, or other administrative procedure as directed by the Zoning Administrator within thirty (30) days of January 28, 2008.

10. Members of the Neighborhood Group sent a letter to the Zoning Administrator on March 3, 2008[,] requesting that the Zoning Administrator bring enforcement proceedings for VIM's failure to comply with the Zoning Administrator's directive, VIM's ongoing zoning violations, and to address nuisance conditions at the site.

11. Despite the Neighborhood Group's request, the Zoning Administrator sent another letter to VIM extending the compliance deadline to June 9, 2008.

12. Nearly six (6) months after the Zoning Administrator determined that VIM operates as a nuisance to its neigh-

bors and in violation of applicable zoning law, VIM submitted an application for a DPUD on June 9, 2008[,] identifying Plan Commission member[ ] Tom Holt[ ] as its "contact agent."

13. On review of VIM's application, the appointed Technical and Site Plan Review Committee determined that VIM's application was incomplete and found several deficiencies. Nevertheless, the Department of Planning & Development recommended in its "Staff Report" that the Plan Commission forward VIM's petition with a favorable recommendation to the Board on the condition that seventeen (17) specific conditions be imposed to address "known issues of follow-up and compliance" and to address the potential for nuisance/junk yard conditions at the VIM site.

14. On July 10, 2008, the Plan Commission held a public hearing on VIM's petition during which Plan Commission member[ ] Tom Holt[ ] represented VIM and urged the Plan Commission to recommend Board approval but with revised, less protective conditions than those recommended by the Planning Staff Report. Ultimately, the Plan Commission recommended Board approval with an adjusted and reduced list of 11 conditions significantly less protective of the surrounding community than those recommended by the Planning Staff Report.

15. On August 18, 2008[,] and on September 2, 2008, the Board held public hearings on VIM's application wherein Plan Commission member[ ] Tom Holt[ ] continued to represent VIM before the Board and urged the Board to approve VIM's application with conditions significantly less protective of the surrounding community and less restric-

tive than those recommended by the Planning Staff Report.

16. On September 2, 2008, the Board voted to approve VIM's application for a zoning map change and amendment to the zoning ordinance rezoning the subject real estate from M–2 to DPUD M–2 ["the Ordinance"]. The Ordinance relieves VIM from having to comply with more restrictive M–2 District zoning requirements, fails to address and eliminate nuisance conditions at the VIM site, and fails to protect the health, safety and welfare of the surrounding community including Petitioners herein.

### COUNT II—PETITION FOR WRIT OF CERTIORARI

Petitioners request this Court to issue a Writ of Certiorari to Respondents, BOARD OF COUNTY COMMISSIONERS OF ELKHART COUNTY and the ELKHART COUNTY PLAN COMMISSION [,] to cause to be certified to the Court for review [ ] all proceedings, documents, papers, testimony (whether electronically recorded or otherwise), minutes, and all other materials entered, reviewed by, and filed with, the Board and Plan Commission (collectively, the "Record") relating to the Board's final decision of September 2, 2008 to adopt [the Ordinance]. The Record should also include all written communications to, from, and among members of the Board and Plan Commission, all staff members of the Board and Plan Commission, and their agents, representatives and attorneys (not privileged)[ ] relating to the decision, and including all such documents relating to VIM's request for a zoning map change. In support, Petitioners state as follows:

1–16. Petitioners reallege, restate and incorporate by reference paragraphs one (1) through sixteen (16) of Count I of this Petition as and for paragraphs one (1) through sixteen (16) of this Count II as if fully set forth herein.

17. The Elkhart County Zoning Ordinance, Specifications D governing manufacturing districts and uses prohibits certain "Conditional Industrial Unit Development" uses in a General Manufacturing ("M–2") District, unless located more than three hundred (300) feet from any part of a residential district or use subject to the approval of the Board by specific amendment of the zoning ordinance after paying reasonable regard to I.C. 36–7–4–603 and after receiving a recommendation from the Plan Commission following a public hearing.

18. The Elkhart County Zoning Ordinance, Specifications I governing Planned Unit Development prohibits all designated uses listed in the "Conditional Industrial Unit Development" within a Planned Unit Development District.

19. VIM's operations and activities constitute an unpermitted junk yard use and/or a nuisance within three hundred (300) feet of a residential district. As such said uses, which are listed "Conditional Industrial Unit Development" uses are prohibited uses within the M–2 District and Planned Unit Development District in violation of the Elkhart County Zoning Ordinance.

20. Plan Commission member[ ] Tom Holt[ ] directly and personally represented VIM in this zoning matter during the application process and public hearings before the Plan Commission and Board. As such, Tom Holt exercised improper influence on the Board and/or created a situation reasonably calculated to weaken public confidence and undermine the public's sense of security for protection of individual rights in the Plan Commission's and Board's exercise

of zoning authority in violation of Indiana Code § 36–7–4–223.

21. Petitioners are persons aggrieved by the decision of the Board pursuant to Ind.Code § 36–7–4–1003(a) and have standing to seek judicial review.

22. At all public hearings before the Plan Commission and the Board, Petitioners and other remonstrators introduced competent and substantial evidence and argument demonstrating that the Board could not approve VIM's application for a zoning map change and amendment to the zoning ordinance.

23. Despite the foregoing substantial evidence presented by Petitioners and other remonstrators, the Board voted[,] on[ ] September 2, 2008, to approve VIM's application for a zoning map change and to enact Ordinance No. PC08–11.

24. The Board decision is illegal in whole or in part for the following reasons:

a. The Board decision will not secure adequate safety from fire and other danger in violation of the Elkhart County Zoning Ordinance and Ind. Code § 36–7–4–601;

b. The Board decision will not promote the public health, safety, comfort, morals, convenience, and general welfare in violation of the Elkhart County Zoning Ordinance and Ind. Code § 36–7–4–601;

c. The Board decision is inconsistent with the Comprehensive Plan in violation of the Elkhart County Zoning Ordinance and Ind.Code § 36–7–4–603;

d. The Board decision fails to recognize adjacent land uses in violation of the Elkhart County Zoning Ordinance and Ind.Code § 36–7–4–603;

e. The Board decision fails to demonstrate integration with the adjacent land uses in a manner that attempts to conserve adjacent property values in violation of the Elkhart County Zoning Ordinance and Ind.Code § 36–7–4–603;

f. The Board decision is inconsistent with the purposes of Elkhart County Zoning Ordinance, Specifications I;

g. The Board decision allows irresponsible development and growth in violation of the Elkhart County Zoning Ordinance and Ind.Code § 36–7–4–603;

h. The Board decision allows designated uses listed in the Conditional Industrial Unit Development which are not permitted uses within a PUD District in violation of Elkhart County Zoning Ordinance;

i. The Board decision constitutes illegal spot zoning in that it allows up-zoning of a single piece of property from M–2 to a less restrictive DPUD for the benefit of a single business where that business is in violation of the prior zoning requirements;

j. The Board decision allows unpermitted uses and development in violation of the Elkhart County Zoning Ordinance.

k. The Board decision is unreasonable, arbitrary, capricious, an abuse of discretion, or clearly erroneous, in that the Board based its decision on improper considerations and influences;

l. The Board decision is unreasonable, arbitrary, capricious, an abuse of discretion, or clearly erroneous, in that the Plan Commission based its recommendation to the Board on improper considerations and influences;

m. The Board decision is not based on substantial evidence;

25. The Board has not issued written findings and conclusions encompassing the Board's complete decision, as required by Ind.Code § 36–7–4–915 and 919.

WHEREFORE, Petitioners by counsel respectfully petition this Court to issue a Writ of Certiorari to Board of Commissioners of Elkhart County and the Elkhart County Plan Commission, and after considering the evidence is this case, enter an Order declaring the September 2, 2008[,] decision of the Board of Commissioners improper, contrary to law and of no legal effect; granting all relief appropriate and necessary to declare the decision to be void as a matter of law, and for all other appropriate relief.

\*　　\*　　\*

### COUNT III—COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs ..., by counsel, for their cause of action for declaratory judgment against Defendants, BOARD OF COUNTY COMMISSIONERS OF ELKHART COUNTY and the ELKHART COUNTY PLAN COMMISSION, hereby state as follows:

1–16. Plaintiffs reallege, restate and incorporate by reference paragraphs one (1) through sixteen (16) of Count I of this Petition as and for paragraphs one (1) through sixteen (16) of this Count III as if fully set forth herein.

17–25. Plaintiffs reallege, restate and incorporate by reference paragraphs seventeen (17) through twenty-five (25) of Count II of this Petition as and for paragraphs seventeen (17) through twenty-five (25) of this Count III, as if fully set forth herein.

26. Plaintiffs bring this cause of action pursuant to Ind.Code § 34–14–1–1 et[ ] seq. for a judgment declaring [the] Ordinance ... to be illegal, procedurally unsound, arbitrary and capricious and unconstitutional.

27. Plaintiffs ... are and at all times mentioned in this Complaint were, residents of Baugo Township in Elkhart County, Indiana.

28. The Defendant[ ] Board is, and at all times mentioned in the Complaint was, the legislative body with authority to adopt zoning ordinances for Elkhart County pursuant to Indiana Code § 36–7–4–600 et[ ] seq. including the power to provide for planned unit development ("PUD") through adoption and amendment of zoning ordinances, including PUD district ordinances pursuant to Indiana Code § 36–7–4–1503.

29. The Defendant[ ] Plan Commission is, and at all times mentioned in the Complaint was, the Advisory Plan Commission for Elkhart County which makes recommendations to the Board on petitions for rezoning and zoning map changes pursuant to Indiana Code § 36–7–4–608.

30. On September 2, 2008, the Defendant Board on recommendation from the Defendant Plan Commission enacted [the] Ordinance ... amending the Elkhart County Code 36–7–4–600, Article 2 for the subject real estate owned by VIM from M–2 to DPUD M–2 and changing the zone maps incorporated by reference in the Elkhart County Code 36–7–4–600, Article 2. A copy of the [O]rdinance is attached hereto as Exhibit A and incorporated by reference. The [O]rdinance has since its enactment been, and now is, in full force and effect and is enforced by the Defendants.

31. The Ordinance is illegal, procedurally unsound, arbitrary and capricious and unconstitutional for the following reasons:

a. The Defendants wilfully and unreasonably enacted the Ordinance without consideration and in disregard of the public health, safety, comfort, morals, convenience, and general welfare to the detriment of Plaintiffs herein;

b. The Defendants wilfully and unreasonably enacted the Ordinance without consideration and in disregard of the Comprehensive Plan to the detriment of Plaintiffs herein;

c. The Defendants wilfully and unreasonably enacted the Ordinance without consideration and in disregard of adjacent land uses to the detriment of Plaintiffs herein;

d. The Defendants wilfully and unreasonably enacted the Ordinance without consideration and in disregard for the conservation of adjacent property values to the detriment of Plaintiffs herein;

e. The Ordinance is inconsistent with the purposes of Elkhart County Zoning Ordinance, Specifications I to the detriment of Plaintiffs herein;

f. The Ordinance allows for irresponsible land use, development and growth to the detriment of Plaintiffs herein;

g. The Ordinance allows designated uses listed in the Conditional Industrial Unit Development which are not permitted uses within a PUD District in violation of Elkhart County Zoning Ordinance to the detriment of Plaintiffs herein;

h. The Ordinance constitutes illegal spot zoning by allowing up-zoning of a single piece of property from M–2 to a less restrictive DPUD solely for the benefit of a single business, VIM, where VIM was in violation of the prior M–2 zoning requirements to the detriment of Plaintiffs herein;

i. The Ordinance allows unpermitted uses and development in violation of the Elkhart County Zoning Ordinance to the detriment of Plaintiffs herein;

j. The Defendants wilfully and unreasonably based the decision to enact the Ordinance on improper considerations and influences to the detriment of Plaintiffs herein;

k. The Defendants wilfully and unreasonably enacted the Ordinance without consideration and in disregard of substantial evidence that VIM's activities and use of the subject real estate constitute a nuisance to adjacent landowners to the detriment of Plaintiffs herein;

l. The Defendants wilfully and unreasonably enacted the Ordinance without consideration and in disregard of substantial evidence that VIM's activities and use of the subject real estate impose adverse health, safety and environmental impacts on adjacent landowners to the detriment of Plaintiffs herein.

32. An actual controversy has arisen and now exists between Plaintiffs and Defendants relative to their respective rights and duties. Plaintiffs contend that the ordinance is invalid and unenforceable, both on its face and as construed by Defendants in that the Ordinance is illegal, procedurally unsound, arbitrary and capricious and violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and of Article I, Sections 12 and 23 of the Indiana Constitution. Defendants dispute these contentions and contend that the ordinance and its application to VIM and Plaintiffs are valid.

33. Plaintiffs desire a declaration, pursuant to Ind.Code § 34–14–1–1 *et[ ] seq.*, as to the validity of the Ordinance, both on its face and as applied to Plain-

tiffs substantive and procedural due process rights as well as VIM's activities and use of the subject real estate; and if it is found to be valid, whether VIM's above-described activities and use of the subject real estate are violative of the Ordinance. A judicial declaration is necessary and appropriate at this time so that Plaintiffs may ascertain their rights and available remedies.

WHEREFORE, Plaintiffs request a declaratory judgment as follows:

1. Declaring that the Ordinance is illegal, contrary to state law, procedurally unsound, unconstitutional, invalid and void on its face or as applied to the parties, or, if the Ordinance is found to be valid, that it prohibits VIM's activities and use of the subject real estate.

2. Awarding costs incurred; and

3. Granting any such other and further relief as the Court deems just and proper.

Appellants' App. at 1–11 (some alterations original).

On December 10, 2008, counsel for the Board filed a motion to dismiss the complaint pursuant to Indiana Trial Rules 12(B)(1) (lack of subject matter jurisdiction), 12(B)(2) (lack of personal jurisdiction), and 12(B)(6) (failure to state a claim upon which relief can be granted). In support of its motion, the Board filed the affidavit of Elkhart County Plan Director Robert Watkins and numerous exhibits attached thereto. On December 16, the Plan Commission likewise filed its motion to dismiss the complaint pursuant to Indiana Trial Rules 12(B)(1), 12(B)(2), and 12(B)(6), to which it also attached Watkins' affidavit and exhibits. On February 5, 2009, the Bellowses and Stutsmans filed their response to the motions to dismiss. Wayne Stutsman, Barbara Stutsman, Edgar Bellows, and Joyce Bellows each filed an affidavit in support of their response. They also attached numerous exhibits to their response.

The trial court held a hearing on the motions to dismiss on April 24, 2009. Thereafter, on July 23, the trial court entered its order granting the Board's and the Plan Commission's motions. That order stated as follows:

1. The [Board of] Commissioners [is] the legislative body for Elkhart County Government, with authority to adopt zoning ordinances for Elkhart County ... including the power to provide for planned unit development ("PUD") zoning map changes through the adoption and amendment of zoning ordinances. With respect to proceedings before the Commissioners regarding changes to the zone maps of the zoning ordinance, the Plan Commission has an advisory role only pursuant to Indiana Code § 36–7–4–608.

2. K.C. Industries, LLC, ("K.C.") is the owner of certain real estate situated at 29861 U.S. Highway 33, in Baugo Township, Elkhart County, Indiana, which is the site upon which VIM Recycling, Inc. ("VIM") conducts certain business activities. K.C. and/or VIM petitioned for the rezoning of the aforementioned real estate site to a detailed PUD district by proceedings before the Plan Commission on July 10, 2008; and, ultimately before the Commissioners on August 18 and September 2, 2008. K.C. secured the rezoning of the site by way of Ordinance No. PC08–11 adopted by the Commissioners on September 2, 2008.

3. On October 2, 2008, Plaintiffs filed their Verified Petition for Writ of Certiorari and Complaint for Declaratory Judgment ("Petition/Complaint") against the Commissioners and the Plan Commission challenging Ordinance PC08–11. Neither K.C. nor VIM were named as a

party Defendant by Plaintiffs in their Petition/Complaint.

4. On December 10, 2008, the Commissioners filed their Motion to Dismiss; and, on December 16, 2008, the Plan Commission filed its Motion to Dismiss. Defendants bring their motions under Indiana Trial Rule 12(B)(1), lack of subject matter jurisdiction; 12(B)(2), lack of jurisdiction over the person; and 12(B)(6), failure to state a claim upon which relief can be granted.

5. At the hearing held on April 24, 2009, Plaintiffs conceded that in Count I of their Petition/Complaint they simply state general procedural background and facts and that Count I does not set forth any request for relief. Therefore, Count I is dismissed as to both the Commissioners and the Plan Commission pursuant to Indiana Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted.

6. In their Petition/Complaint challenging the validity of the subject rezoning legislation, Plaintiffs, in Count II, request that the court issue a writ of certiorari to the Commissioners and the Plan Commission under Indiana Code § 36–7–4–1003(a). I.C. 36–7–4–1003(a) provides in relevant part: "each decision of the legislative body under I.C. 36–7–4–918.6 of this chapter or the board of zoning appeals is subject to review by certiorari." I.C. 36–7–4–918.6 deals solely with special exceptions, special uses and use variances in specified counties that meet certain population requirements, and is totally unrelated to rezoning requests. Specifically, as applied, I.C. 36–7–4–918.6 deals only with review of decisions by the legislative body in Lake County, Indiana [,] and/or the legislative body in St. Joseph County, Indiana [,] as defined based upon population range. In each of those counties, the legislative body is the elected County Council, not the Board of Commissioners. Conversely, in Elkhart County, the Board of Commissioners is the legislative body. I.C. 36–7–4–918.6 has no applicability as to Elkhart County, and hence, I.C. 36–7–4–1003 cannot be used to seek review by certiorari of a decision relative to a zoning ordinance of the legislative body of Elkhart County, Indiana, to-wit, the Commissioners. A petition for writ of certiorari is not intended to be a challenge to a legislative act or decision, such as the adoption of Ordinance No. PCO8–11 by the Commissioners. Rather, as set forth in I.C. 36–7–4–1005, a petition for a writ of certiorari is to be filed by a "person aggrieved by the decision of a board of zoning appeals as set forth in Section I.C. 36–7–4–1003." The petition by the aggrieved person is to challenge a decision of the board of zoning appeals dealing with the use of property, or a special exception granted from zoning standards as to the property, or a variance to zoning standards as to a property. Commissioners are not part of zoning proceedings that go before the Board of Zoning Appeals in Elkhart County, and play no role in a decision of any board of zoning appeals which would be subject to a verified petition for writ of certiorari. Furthermore, Plan Commission's recommendation to the Commissioners on a rezoning request is not a decision subject to review by certiorari as the Plan Commission plays only an advisory role. Therefore, as the remedy of a writ of certiorari is limited to the statutory procedures established with regard to boards of zoning appeals (except in defined counties), the seeking of a writ of certiorari as and against the Commissioners and the Plan Commission in this instance [ ] is not contemplated or permitted by the applicable statutes, and is

without merit. Likewise, the argument made by Plaintiffs that the distinction between a legislative body and a quasi-judicial group depends on the character of the action it takes, not on its statutory classification is without merit. Plaintiffs admit that legislative acts are not subject to judicial review; however, [they] contend, in spite of express statutory language to the contrary, that the court must look outside the complaint to determine if the ordinance at issue was more than a legislative act. The court disagrees.

7. For all the aforementioned reasons, Count II of the Petition/Complaint fails to state a claim upon which relief can be granted, and should be dismissed under Trial Rule 12(B)(6) as to both Defendants. Further, Count II should be dismissed because the court lacks jurisdiction over the subject matter of the Petition/Complaint under Indiana Trial Rule 12(B)(1) and over the Commissioners and the Plan Commission pursuant to Rule 12(B)(2) since neither of them are contemplated to be parties under writ of certiorari proceedings initiated under I.C. 36–7–4–1003.

8. Even if Plaintiffs had stated a proper claim against the Commissioners and the Plan Commission, Plaintiffs in this cause are not each a "person aggrieved" by a decision of a board of zoning appeals, or any other authority, under I.C. 36–7–4–1003 and/or I.C. 36–7–4–1005. A party seeking a petition for certiorari must show some special injury other than as sustained by the community as a whole. *Robertson v. Board of Zoning Appeals, Town of Chesterton,* 699 N.E.2d 310, 315 (Ind.Ct.App.1998). To be sufficiently aggrieved by a board of zoning appeals decision and to have standing to seek judicial review of that decision, the petitioner for writ of certiorari must experience a substantial griev-

ance, a denial of some personal or property right, or the imposition of a burden or obligation. *Robertson* at 315. *See also*[ ] *Bagnall v. Town of Beverly Shores, Indiana,* 726 N.E.2d 782, 786 (Ind.2002) .(upholding the trial court's finding that, given the distance of a total separation of 150 feet between the petitioner's lots and the subject site, petitioners did not show that they were aggrieved within the meaning of I.C. 36–7–4–1003).

9. In the instant case, Baugo North Neighborhood Group, Joyce Bellows and Edgar Bellows, and Barbara Stutsman and Wayne Stutsman[ ] do not own any real estate in Elkhart County, Indiana[,] in their individual names. Rather, Edgar Bellows and Joyce Bellows are [ ]Trustees of the Bellows Family Trust dated March 4, 1992, and only in such trustee capacity claim title to the real estate described in the Petition/Complaint. Likewise, Barbara and Wayne Stutsman, as trustees of two separate trusts, hold an undivided one-half (1/2) interest in real estate situated at 29862 Cardinal Avenue, Elkhart, Indiana 46516. Moreover, irrespective of who owns the aforementioned parcels of real estate, none of those parcels are located adjacent to or surrounding the real estate owned by K.C. which is the subject of this litigation. The parcels owned by Edgar and Joyce Bellows as Trustees of the Bellows Family Trust are approximately two thousand seven hundred fifty (2,750) lineal feet from the subject real estate; and, the property the subject of the two trusts of which Barbara and Wayne Stutsman are trustees, is some eight hundred thirty (830) feet from the real estate owned by K.C. The aforementioned trusts have not been included as parties in this action, and the named Plaintiffs own no land in their individual

names. Moreover, the land they own in their respective representative capacities is anywhere from 830 to 2,750 lineal feet away. Furthermore, when counsel for Plaintiffs was asked by the court at the hearing if she intended to amend the Petition/Complaint to include the Trusts, counsel advised "no" because she believes the equitable and possessory property rights as represented are sufficient to challenge the action.... In addition, under the circumstances in this case, the court cannot conclude that the named Plaintiffs are "persons aggrieved" within the meaning of I.C. 36–7–4–1003. Accordingly, Plaintiffs either lack standing and/or are not the real parties in interest to bring this action pursuant to Indiana Trial Rule 17 because they are not owners of real estate adjacent to or in sufficient proximity to the real estate owned by K.C. which is the subject site, and it is not contemplated that the Petition/Complaint will be amended to include the real parties in interest. Furthermore, Plaintiffs are not aggrieved parties within the meaning of I.C. 36–7–4–1000, *et seq.* Dismissal of Count II is appropriate for these reasons as well.

10. Count III of the Petition/Complaint has been filed under Indiana Code § 34–14–1–1, *et seq[.]*, and Petitioners/Plaintiffs seek a determination, through a declaratory judgment action, that Ordinance No. PC08–11 is illegal, procedurally unsound, arbitrary and capricious, and unconstitutional. Indiana Code § 34–14–1–11 provides that:

> When declaratory judgment relief is sought, all persons shall be made parties who have or claim any interest that would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding that involves the validity of a municipal ordinance or franchise, the municipality shall be made a party, and shall be entitled to be heard. If the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard.

In this instance, the owner of the site which is the subject of the Petition/Complaint is K.C. and the operator of the site is VIM. Neither have been named as parties Defendant in the Petition/Complaint. Additionally, Count III of the Petition/Complaint alleges that Ordinance No. PC08–11 is unconstitutional[,] and[ ] the Attorney General of the State of Indiana has not been named as a party Defendant. A motion to dismiss for failure to state a claim upon which relief may be granted is the appropriate vehicle to challenge a petition for declaratory judgment for failure to name a proper party in the caption. *Harp v. Indiana Department of Highways*, 585 N.E.2d 652, 660 (Ind.Ct.App. 1992). Counsel for Plaintiffs admitted that failure to name and notice K.C. and the Attorney General of the State of Indiana was a fatal flaw; however, [they] requested permission to amend the Petition/Complaint to correct this error and name the additional necessary parties. Even if Plaintiffs amend their Petition/Complaint within a reasonable time to add K.C. and the Attorney General of the State of Indiana as necessary party Defendants, as noted above in paragraph 9, the court has determined that Plaintiffs lack standing to initiate this action, and that includes the declaratory judgment action in Count III.

11. Finally, Count III does not apply to the Plan Commission at all. Plaintiffs acknowledge that the Plan Commission did not make the final decision about

which they complain, and even indicated at the hearing that the recommendations of the Plan Commission were acceptable to them. However, Plaintiffs later averred that they take issue with the Plan Commission's recommendations to the Commissioners because the Plan Commission played a substantial role in the passage of the objectionable ordinance and permitted an individual with a conflict of interest, Tom Holt, to represent the Plan Commission at the Commissioners' hearings in violation of I.C. 36–7–4–223 and I.C. 36–7–4–909.

12. The decision of the Commissioners to adopt Ordinance No. PC08–11 was based on information they received from various sources in at least two public hearings, along with the recommendation of the Plan Commission, and Tom Holt's involvement does not render the ordinance at issue void per se. Furthermore, the specific conflict of interest about which Plaintiffs complain as prohibited by I.C. 36–7–4–909 does not apply to proceedings by the Commissioners as the legislative body for Elkhart County; rather, it concerns only final decisions rendered by a board of zoning appeals.

IT IS THEREFORE, **ORDERED, ADJUDGED, and DECREED** that Defendant Board of County Commissioners for Elkhart County's Motion to Dismiss is hereby granted. Further, Defendant Plan Commission of Elkhart County's Motion to Dismiss is hereby granted. Although Plaintiffs have indicated the possibility of filing an Amended Petition/Complaint, they have yet to do so. Therefore, Plaintiffs' Verified Petition for Writ of Certiorari and Complaint for Declaratory Judgment is hereby dismissed in its entirety without prejudice as against both Defendants.

*Id.* at 202–09. This appeal ensued.

### DISCUSSION AND DECISION

### Issue One: Dismissal of Count I

■ The Bellowses and Stutsmans appeal the trial court's dismissal of each of the allegations in the complaint. We address each allegation in turn, beginning with Count I. In dismissing that allegation, the trial court stated: "in Count I . . . they simply state general procedural background and facts and Count I does not set forth any request for relief. Therefore, Count I is dismissed . . . pursuant to Indiana Trial Rule 12(B)(6). . . ." *Id.* at 203–04.

■ The standard of review on appeal of a trial court's grant of a motion to dismiss for the failure to state a claim is de novo and requires no deference to the trial court's decision. *Lei Shi v. Cecilia Yi*, 921 N.E.2d 31, 36 (Ind.Ct.App.2010). The grant or denial of a motion to dismiss turns only on the legal sufficiency of the claim and does not require determinations of fact. *Id.* " 'A motion to dismiss under Rule 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief.' " *Id.* (quoting *Trail v. Boys & Girls Clubs of Northwest Ind.*, 845 N.E.2d 130, 134 (Ind.2006)). Thus, while we do not test the sufficiency of the facts alleged with regards to their adequacy to provide recovery, we do test their sufficiency with regards to whether or not they have stated some factual scenario in which a legally actionable injury has occurred.[2] *Id.*

2. The rule that the attachment of affidavits and other materials to a 12(B)(6) motion converts our review to one from a summary judgment does not apply with respect to Count I. On that count, no "factual backup [outside of the complaint] was supplied to

Here, it is clear that Count I, standing alone, neither specifically identifies a legally actionable injury nor requests relief for an injury. Indeed, in their brief on appeal, the Bellowses and Stutsmans acknowledge that "Count I of the Complaint sets forth general allegations which are relevant to both Counts II and III and are expressly incorporated by reference into Counts II and III." Appellants' Br. at 15. We agree and, insofar as the factual background of Count I is incorporated into Count II and Count III, we address those allegations as necessary below. Nonetheless, the trial court did not err in determining that, as a stand-alone allegation, Count I fails to state a claim upon which relief can be granted.

### Issue Two: Dismissal of Count II

 In Count II of their complaint, the Bellowses and Stutsmans sought a writ of certiorari for the trial court to review the Ordinance. Among other reasons, the trial court dismissed Count II pursuant to Indiana Trial Rule 12(B)(1) for lack of subject matter jurisdiction. We agree with the trial court's rationale and therefore need not consider the alternative rationales proffered for dismissing Count II of the complaint.

 The standard of review for Trial Rule 12(B)(1) motions to dismiss is a function of what occurred in the trial court.

convert the motion to one under Rule 56." *See Thomas v. Blackford County Area Bd. of Zoning Appeals*, 907 N.E.2d 988, 990 (Ind. 2009). Therefore, our review of Count I is limited to the complaint.

3. The Bellowses and Stutsmans suggest that the standard of review on this issue is identical to an appeal from the entry of summary judgment because the trial court considered matters outside of the pleadings in determining that it lacked subject matter jurisdiction. That is incorrect. Rather, the trial court's rationale for dismissing Count II due to the lack of subject matter jurisdiction considered only the proper interpretation of Indiana

*GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind.2001). If the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law. *Id.* "Under those circumstances no deference is afforded the trial court's conclusion because appellate courts independently, and without the slightest deference to trial court determinations, evaluate those issues they deem to be questions of law." *Id.* (quotation omitted). Thus, we review de novo a trial court's ruling on a motion to dismiss under Trial Rule 12(B)(1) where the relevant facts before the trial court are undisputed.[3] *Id.*

In dismissing Count II, the trial court stated, in relevant part, as follows:

6. In their Petition/Complaint challenging the validity of the subject rezoning legislation, Plaintiffs, in Count II, request that the court issue a writ of certiorari to the Commissioners and the Plan Commission under Indiana Code § 36-7-4-1003(a). I.C. 36-7-4-1003(a) provides in relevant part: "each decision of the legislative body under I.C. 36-7-4-918.6 of this chapter or the board of zoning appeals is subject to review by certiorari." I.C. 36-7-4-918.6 deals solely with special exceptions, special uses and use variances in specified counties that meet certain

Code Sections 36-7-4-1003(a) and 36-7-4-918.6. The proper interpretation of a statute is a question of law and is reviewed de novo. *See Ind. Pesticide Rev. Bd. v. Black Diamond Pest & Termite Control Inc.*, 916 N.E.2d 168, 181 (Ind.Ct.App.2009), *trans. denied.* In any event, the only matters outside of the pleadings submitted to the court were affidavits and paper exhibits. "[W]e review de novo a trial court's ruling on a motion to dismiss [for lack of subject matter jurisdiction] where the facts before the court are disputed and the trial court rules on a paper record." *GKN Co.*, 744 N.E.2d at 401.

population requirements, and is totally unrelated to rezoning requests. Specifically, as applied, I.C. 36–7–4–918.6 deals only with review of decisions by the legislative body in Lake County, Indiana[,] and/or the legislative body in St. Joseph County, Indiana[,] as defined based upon population range. In each of those counties, the legislative body is the elected County Council, not the Board of Commissioners. Conversely, in Elkhart County, the Board of Commissioners is the legislative body. I.C. 36–7–4–918.6 has no applicability as to Elkhart County, and hence, I.C. 36–7–4–1003 cannot be used to seek review by certiorari of a decision relative to a zoning ordinance of the legislative body of Elkhart County, Indiana, to-wit, the Commissioners.... [Additionally,] Commissioners are not part of zoning proceedings that go before the Board of Zoning Appeals in Elkhart County, and play no role in a decision of any board of zoning appeals which would be subject to a verified petition for writ of certiorari. Furthermore, Plan Commission's recommendation to the Commissioners on a rezoning request is not a decision subject to review by certiorari as the Plan Commission plays only an advisory role. Therefore, as the remedy of a writ of certiorari is limited to the statutory procedures established with regard to boards of zoning appeals (except in defined counties), the seeking of a writ of certiorari as and against the Commissioners and the Plan Commission in this instance[ ] is not contemplated or permitted by the applicable statutes, and is without merit....

Appellants' App. at 204–05.

On appeal, the Bellowses and Stutsmans do not dispute that they sought a writ of certiorari under Indiana Code Section 36–7–4–1003(a), nor do they suggest an alternative basis under which they would be entitled to such a writ. Section 36–7–4–1003(a) states, in relevant part, that "[e]ach decision of the legislative body under section 918.6 of this chapter or the board of zoning appeals is subject to review by certiorari." The plain language of that statute does not include either the Board or the Plan Commission, the only two defendants named in the complaint. Neither the Board nor the Plan Commission is a "board of zoning appeals," and neither is a "legislative body under section 918.6." Indiana Code Section 36–7–4–918.6 is limited in its application to counties with certain populations, which does not include Elkhart County.[4] Accordingly, the type of case proposed under Count II—judicial review by writ of certiorari, pursuant to Indiana Code Section 36–7–4–1003(a), of a decision of the Board and/or a recommendation of the Plan Commission— is not cognizable. The trial court, therefore, did not err in dismissing Count II for lack of subject matter jurisdiction. *See e.g., Bagnall v. Town of Beverly Shores,* 726 N.E.2d 782, 785 (Ind.2000) ("Decisions *by boards of zoning appeals* are subject to court review by certiorari. Ind.Code § 36–7–4–1003(a).") (emphasis added); *Hoagland v. Town of Clear Lake Bd. of*

4. The Bellowses and Stutsmans devote a significant portion of their appellate brief asserting that a writ of certiorari is appropriate here because the Board's action was quasi-judicial and therefore subject to judicial review. That argument ignores the threshold population requirement of Indiana Code Section 36–7–4–918.6. Not just any legislative body is subject to Indiana Code Section 36–7–4–1003—only those legislative bodies within counties of defined populations may be subjected to such judicial review. Again, the population requirement does not apply to Elkhart County, and, therefore, neither does the statutory authorization for writs of certiorari.

*Zoning Appeals,* 873 N.E.2d 61, 65–66 (Ind.Ct.App.2007) (same).

### Issue Three: Dismissal of Count III

■ In their third allegation, the Bellowses and Stutsmans sought a declaratory judgment from the trial court on the question of whether the Ordinance is illegal or was illegally passed. As with Count II, the trial court dismissed Count III for several reasons.[5] We find the trial court's conclusion that the Bellowses and Stutsmans lacked standing to seek declaratory relief dispositive and thus need not discuss the other issues raised in this appeal.

■ A claim of lack of standing is properly treated as a motion to dismiss under Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted. *Common Council v. Bd. of Zoning Appeals,* 881 N.E.2d 1012, 1014 (Ind. Ct.App.2008). We review a trial court's decision to dismiss for lack of standing de novo. *Id.* The question of whether a party has standing is purely one of law and does not require deference to the trial court's determination. *Id.*

■ However, where, as here, affidavits or other materials are attached to the motion to dismiss for lack of standing, the motion is treated as one for summary judgment under Indiana Trial Rule 56.[6] *See Thomas v. Blackford County Area Bd. of Zoning Appeals,* 907 N.E.2d 988, 990 (Ind.2009). Our standard of review for summary judgment appeals is well established:

> When reviewing a grant of summary judgment, our standard of review is the same as that of the trial court. Considering only those facts that the parties designated to the trial court, we must determine whether there is a "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment a matter of law." In answering these questions, the reviewing court construes all factual inferences in the non-moving party's favor and resolves all doubts as to the existence of a material issue against the moving party. The moving party bears the burden of mak-

---

5. Count III of the complaint sought a declaratory judgment pursuant to Indiana Code Chapter 34–14–1. Section 11 of that chapter provides:

> When declaratory relief is sought, all persons shall be made parties who have or claim any interest that would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding that involves the validity of a municipal ordinance or franchise, the municipality shall be made a party, and shall be entitled to be heard. If the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard.

Ind.Code § 34–14–1–11.

The Bellowses and Stutsmans conceded to the trial court "that on our Count III we should have included the Indiana Attorney General, VIM[,] and KC Industries and we

... did not do that." Transcript at 16. The Bellowses and Stutsmans then requested leave of the trial court to amend their complaint to include the erroneously omitted parties pursuant to Indiana Trial Rules 15 and 17. The trial court did not expressly grant or decline that request. Instead, after noting that dismissal for failing to include all real parties of interest was appropriate under Trial Rule 12(B)(6), the trial court concluded that, even if the Bellowses and Stutsmans amended their complaint to name all the proper parties, dismissal of Count III was appropriate because they lacked standing to seek their declaratory relief. Accordingly, for purposes of this appeal we address only whether the Bellowses and Stutsmans have standing to pursue their declaratory judgment action.

6. The trial court did not hold an evidentiary hearing on the standing issue and, therefore, the clearly erroneous standard does not apply to our review of the trial court's judgment. *See Thomas,* 907 N.E.2d at 990–91.

ing a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law; and once the movant satisfies the burden, the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact.

*Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1269–70 (Ind.2009) (citations omitted). The party appealing from a summary judgment decision has the burden of persuading this court that the grant or denial of summary judgment was erroneous. *Knoebel v. Clark County Superior Court No. 1*, 901 N.E.2d 529, 531–32 (Ind.Ct.App.2009). Where the facts are undisputed and the issue presented is a pure question of law, we review the matter de novo. *Crum v. City of Terre Haute ex rel. Dep't of Redev.*, 812 N.E.2d 164, 166 (Ind.Ct.App.2004).

 Under Indiana's declaratory judgment statute, "any person ... whose rights, status, or other legal relations are *affected* by a statute, [or] municipal ordinance ... may have determined any question of construction or validity arising under the ... statute, [or] ordinance...." Ind.Code § 34–14–1–2 (emphasis added). Thus, in order to establish standing for purposes of seeking declaratory relief, the Bellowses and Stutsmans must be affected or aggrieved by the Ordinance. *See Sexton v. Jackson County Bd. of Zoning Appeals*, 884 N.E.2d 889, 892 (Ind.Ct.App. 2008); *see also Lake County Plan Comm'n v. County Council*, 706 N.E.2d 601, 602 (Ind.Ct.App.1999) ("we find that the terms aggrieved,' as used in the writ of certiorari statute (Ind.Code § 36–7–4–1003), and af-

fected,' as used in the declaratory judgment statute, are synonymous."). Further:

> To be aggrieved, the [petitioner] must experience a substantial grievance, a denial of some personal or property right, or the imposition of a burden or obligation. Generally, the [Board's] decision must infringe upon a legal right of the petitioner that will be enlarged or diminished by the result of the appeal and *the petitioner's resulting injury must be pecuniary in nature.* The [petitioner] must show some special injury other than that sustained by the community as a whole.

*Sexton*, 884 N.E.2d at 893 (emphasis added; citations omitted).

 A sufficient legal interest exists if the petitioner owns property that is "adjacent" to or "surrounding" the subject property. *Bagnall*, 726 N.E.2d at 786. "Surrounding' ... is in the vicinity of[ ] the property involved in [the] variance request[ ]. [T]he term is not precise, leaving to judicial determination whether a petitioner's property is sufficiently close to the variance property that its owner is aggrieved' under the statute." *Id.* However, "the proximity of the [petitioners'] properties to the alleged harm is not dispositive in determining whether they have standing." *Sexton*, 884 N.E.2d at 894. Rather, we also look to the evidence presented to determine if the petitioners for declaratory relief have "show[n] that they will suffer a pecuniary loss by the granting of the [variance]." *Id.*

The only allegation in the complaint of pecuniary injury is that of lost property value due to VIM's activities.[7] *See id.* at

---

7. On appeal, the Bellowses and Stutsmans assert that they have been injured because "they are exposed to noxious odors, fumes, smoke, dust and debris from waste piles and grinding activities at the VIM site [,] which cause them to suffer from health problems and nuisance conditions." Appellants' Br. at 19. Therefore, they continue, they have dem-

893 (holding that the petitioners had demonstrated a pecuniary loss by "present[ing] evidence ... that the value of their property will decrease" if the variance were permitted). Thus, to satisfy their burdens on their motions to dismiss, the Board and the Plan Commission were required to make a prima facie showing that no genuine issue of material fact existed on the question of the Bellowses' and the Stutsmans' alleged pecuniary injuries. *See Dreaded, Inc.*, 904 N.E.2d at 1269–70.

In support of their motions to dismiss, the Board and the Plan Commission submitted Watkins' affidavit. Among other things,[8] Watkins stated that K.C.'s property "was in the M–2' zoning district ... since ... approximately 1960, and that ... such Site has been used for heavy industrial purposes (or zoned for heavy industrial purposes but unused) continuously since the original adoption of the Elkhart County [General] Zoning Ordinance." Appellants' App. at 101. Since it began its operations, VIM's activities have been reg-

ulated under the M–2 zoning requirements. However, Watkins then stated that the VIM-specific Ordinance maintained the M–2 regulations and standards while also imposing numerous additional obligations and restrictions on VIM's specific operations.

Thus, if the Ordinance were voided, as the Bellowses and Stutsmans request, VIM's activities would again be regulated under the normal M–2 zoning requirements. According to Watkins, those normal requirements are less restrictive on VIM's activities than the requirements of the Ordinance. In other words, VIM's operations under the Ordinance will be less onerous to nearby residents than those operations were under the normal M–2 requirements and, therefore, VIM's activities under the Ordinance cannot cause the Bellowses or the Stutsmans a pecuniary injury through lost property value.

In light of Watkins' affidavit, the Board and the Plan Commission satisfied their

---

onstrated the loss of "some ... property right." *Id.* (quotation omitted). Insofar as the Bellowses and Stutsmans are suggesting an injury other than lost property value, their analysis does not demonstrate an injury "other than that sustained by the community as a whole," and it ignores the requirement that the petitioners must establish a *pecuniary* loss. *See Sexton*, 884 N.E.2d at 893.

8. Attached to Watkins' affidavit were the deeds for the Stutsmans' and Bellowses' residential properties. According to those deeds, legal title to the Stutsmans' residence is held by the Stutsmans as trustees to two family trusts, while equitable title is held by the unknown beneficiaries of those trusts. Likewise, the Bellowses are the legal title holders to their residential property as trustees to their family's trust, while equitable title is held by the unknown beneficiaries of that trust. *See, e.g., Breeze v. Breeze*, 428 N.E.2d 286, 287–88 (Ind.Ct.App.1981) ("When property is delivered over to a trustee ... the trustee takes the legal title to the property and the ... beneficiary takes the equitable title.

Both have a property interest recognized by law.") (quotation omitted).

However, neither the Bellowses nor the Stutsmans sued in their capacities as trustees. Rather, they expressly filed the complaint only in their individual capacities. *See* Transcript at 22–23. While less than clear, the deeds appear to reserve to the Bellowses and Stutsmans, in their individual capacities, the right to use their respective residential properties during their lifetimes. The parties cite no case law supporting the proposition that a right to use property is equivalent to legal or equitable title in that property. And the Bellowses' and Stutsmans' reliance on *Area Plan Commission v. Hatfield* is misplaced, as standing in that case was based on expressly identified equitable title. 820 N.E.2d 696, 699–700 (Ind.Ct.App.2005) ("Once a contract for the sale of land is executed, even before a closing, equitable title vests with the prospective vendee."), *trans. denied.* Nonetheless, we need not decide that issue given our holding that the Bellowses and Stutsmans failed to designate evidence demonstrating a pecuniary injury.

burden of showing a prima facie case for summary judgment. As such, the burden shifted to the Bellowses and Stutsmans "to designate and produce evidence showing the existence of a genuine issue of material fact" of the issue of their alleged pecuniary injury. *See Dreaded, Inc.*, 904 N.E.2d at 1269–70. They have not done so. To the contrary, the Bellowses and Stutsmans have not submitted any evidence demonstrating that they will suffer a decrease in their properties' values or any other pecuniary loss. That is, they have shown neither that VIM's operations under the Ordinance will adversely affect their properties' values nor that having the Ordinance declared invalid will lead to an increase in their properties' values.[9]

Thus, on the record presented, we must agree with the trial court's conclusion that the Board and the Plan Commission were entitled to summary judgment. The Bellowses and Stutsmans have not met their burden of designating evidence to show that the effect of the Ordinance will cause them pecuniary injury. Hence, they lack standing to pursue their claim for a declaratory judgment that the Ordinance is illegal or otherwise invalid, and we must affirm the trial court's dismissal of Count III for failure to state a claim. *See Sexton*, 884 N.E.2d at 893; *Common Council*, 881 N.E.2d at 1014.

### Conclusion

In sum, we affirm the trial court's dismissal of the Bellowses' and Stutsmans' complaint. Count I of the complaint fails to state a claim upon which relief can be granted. The trial court lacks subject matter jurisdiction to grant the judicial review requested in Count II of the complaint. And the Bellowses and Stutsmans lack standing to pursue their claim for declaratory relief in Count III of the complaint. Accordingly, the trial court properly granted the Board's and the Plan Commission's motions to dismiss.

Affirmed.

VAIDIK, J., and BROWN, J., concur.

---

9. We note that the Zoning Administrator had found VIM not to be in compliance with the M–2 zoning requirements before VIM obtained its variance. There is no designated evidence, however, that VIM is still not in compliance with at least the M–2 standards, that VIM would not be in compliance with those standards if the Ordinance were declared invalid, or that VIM would be required to cease its current operations or otherwise reduce its impact on nearby properties if the Ordinance were declared invalid.