**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT:

**JEFFREY B. KOLB**
**BRIAN M. JOHNSON**
Kolb Roellgen & Kirchoff, LLP
Vincennes, Indiana

ATTORNEY FOR APPELLEES:

**DANIEL L. SIEWERS**
Hart Bell, LLC
Vincennes, Indiana



FILED

Apr 25 2013, 9:25 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICHARD J. BOND, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 42A01-1209-PL-422 |
| | ) | |
| KNOX COUNTY DRAINAGE BOARD and | ) | |
| DICK VERMILLION, As Knox County Surveyor, | ) | |
| | ) | |
| Appellees-Respondents. | ) | |

APPEAL FROM THE KNOX SUPERIOR COURT
The Honorable Jeffrey F. Meade, Special Judge
Cause No. 42D01-1202-PL-3

**April 25, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Petitioner, Richard J. Bond (Bond), appeals the trial court's dismissal of his petition for judicial review of the decision made by Appellees-Respondents', Knox County Drainage Board (Drainage Board) and Dick Vermillion (Vermillion), as Knox County surveyor (collectively, the Appellees).

We affirm.

## ISSUE

Bond raises three issues on appeal, which we consolidate and restate as the following single issue:  Whether the trial court erred in dismissing Bond's petition for judicial review for failure to state a claim.

## FACTS AND PROCEDURAL HISTORY

On December 5, 2011, Jerry and Brandon Cardinal (collectively, the Cardinals) filed a petition with the Drainage Board requesting approval to pump their field tile into the right-of-way of Twin Washouts Road which drains into Lateral #1 of Snapp Ditch, a regulated drain, in Knox County, Indiana.  In their petition, the Cardinals applied for a permit to pump water into Snapp Ditch during the months of April, May, June, and July. Bond owns approximately four hundred acres of farm ground located at a lower level along Snapp Ditch.

On December 15, 2011, the Drainage Board conducted a public meeting to address the Cardinals' petition.  At the meeting, Bond objected to the permit, arguing that Lateral #1 could not handle the additional water flow that would result from the new drainage.

2

Bond clarified that the water from Snapp Ditch was currently and has been flooding his land. The Drainage Board tabled the matter so that its members could personally view the ditch and pump site prior to the next meeting.

On January 19, 2012, after the Drainage Board members had made a site visit to Snapp Ditch, a second meeting was held at the Cardinals' request. Bond again objected to granting the petition claiming that the permit would be detrimental to his property. He stated that if water backed up onto his property he could not use his irrigation system and as a result would not be able to use his field. Vermillion, the Knox County Surveyor, explained that given the County's lack of activity with respect to the regulated drain program since 1966 and the fact that the Drainage Board was just recently established, neither he nor the Board "should be expected to determine one way or the other at this point the exact number for the capacity of Snapp Ditch." (Appellant's App. p. 101). He opined that "the best thing to do is everyone accept the status-quo and leave things like they are until the Drainage Board can do its job" and maintain Snapp Ditch. (Appellant's App. p. 101). Vermillion also clarified that the location of the water table in January of 2012 was irrelevant as "the river is up and the entire area flooded." (Appellant's App. p. 101). He added that "the water table relative to [the] Cardinals' tile will be lower during the months of April through July, which is when they want to pump the water." (Appellant's App. p. 101). Later during the same meeting, Bond stated that if Snapp Ditch was cleaned out he would have no problem with the situation. The Drainage Board asked Bond to clean his own part of the Ditch at this point in time and the Cardinals offered their help with this. However, Bond refused, preferring to "wait and pay the

3

assessments to have it done." (Appellant's App. p. 103). At the close of the meeting, a Drainage Board member moved to approve the permit. The motion passed with all members approving.

On February 6, 2012, Bond filed his petition for judicial review of the Drainage Board's decision. On March 12, 2012, the Appellees filed a motion to dismiss, claiming that Bond had failed to state a claim. On July 19, 2012, the trial court conducted a hearing on Appellees' motion. On August 30, 2012, the trial court dismissed Bond's petition, concluding that Bond failed to bring a claim upon which relief could be granted.

Bond now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

I. *Standard of Review*

The standard of review on appeal of a trial court's grant of a motion to dismiss for the failure to state a claim is *de novo* and requires no deference to the trial court's decision. *Bellows v. Bd of Com'rs of Co. of Elkhart*, 926 N.E.2d 96, 110 (Ind. Ct. App. 2010). The grant or denial of a motion to dismiss turns only on the legal sufficiency of the claim and does not require determinations of fact. *Id.* A motion to dismiss under Ind. T.R. 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief. *Id.* Thus, while we do not test the sufficiency of the facts alleged with regards to their adequacy to provide recovery, we do test their sufficiency with regards to whether or not they have stated some factual scenario in which a legally actionable injury has occurred. *Id.*

4

In his petition for judicial review, Bond set forth two Counts. In Count I of the petition, Bond alleged that the Drainage Board violated I.C. § 36-9-27-17 by failing to mandate the Cardinals to submit the required plans and specifications. In Count II, Bond claimed that the Drainage Board failed to abide by the requirements and procedures of the Stormwater Drainage Ordinance when it approved the Cardinals' request for a permit. Both Counts were rejected by the trial court as not presenting a cause of action upon which relief can be granted.

## II. *Authority for Judicial Review*

Before turning to the merits of Bond's claim, we have to address Bond's argument that Ind. Code § 36-9-27-106(a) entitles him to an encompassing judicial review of the Drainage Board's decision by merely including the phrase "the order is arbitrary, capricious, and not supported by substantial evidence" in his petition. We disagree.

Indiana Code section 36-9-27-106(a) provides as follows:

> Any owner of land affected by a final order or determination of a board is entitled to judicial review of that order or determination in the circuit or superior court of the county in which the board is located. The owner must file in the court a petition:
> (1) setting out the order or determination complained of; and
> (2) alleging specifically that the order or determination is arbitrary, capricious, unlawful, or not supported by substantial evidence;
> and pay the fee required under [I.C. §] 33-37-4-4. []

The trial court's Order noted that both Counts failed to comply with I.C. § 36-9-27-106(a), because Bond did not set forth an issue that could be reviewed within the mandates of the statute. While the statute's requirements are not rigorous, a petitioner nevertheless needs to satisfy certain elements prior to the trial court granting judicial

review, *i.e.*, the petitioner must contest a final order or determination made by the board and he must *with specificity* allege how this order is arbitrary, capricious, unlawful or unsupported by substantial evidence. A mere allegation that the Board's order is arbitrary, capricious or unsupported by substantial evidence would result in the trial court usurping an advocating role for the petitioner, rather than deciding the claims developed by the petitioner. Here, the trial court's Order clearly indicated that Bond had failed to carry this burden.

### III. *Count I*

In Count I of the petition, Bond alleges a violation of I.C. § 36-9-27-17, which explains the procedure of connecting private and mutual drains with regulated drains:

(a) Whenever:
    (1) an owner wants to construct or extend a private or mutual drain, and outlet that drain into a regulated drain that is subject to this chapter; and
    (2) the construction or extension will not go through land owned by other persons;
the owner shall file with the county surveyor having jurisdiction of the regulated drain for permission to connect his drain with the regulate drain.

(b) The owner shall file with his request the plans and specifications of the private or mutual drain that will be constructed or extended. However, if the private or mutual drain will have a tiled outlet of twelve inches or less, and he alleges this in his request, no specifications need be filed.

(c) If the county surveyor determines that the regulated drain is adequate to handle the additional flow of water, if any, that would result from the connection, and that no harmful pollution is likely to result from the connection, he shall grant the request.

(d) If the county surveyor determines that the regulated drain is not adequate to handle the additional flow of water resulting from the connection without being reconstructed, he shall deny the request, and the

6

request may not be granted until the regulated drain is reconstructed under sections 49 through 52 of this chapter

Referencing this statute, Bond asserted that Vermillion and the Drainage Board violated the statute because (1) the Cardinals did not submit the required specifications and (2) Vermillion did not make a determination that Snapp Ditch was adequate to handle the additional flow of water.

As pointed out by the trial court—and we agree—I.C. § 36-9-27-17 lists the requirements a county surveyor must adhere to when a landowner wants to connect his private drain to a regulated drain; the statute does not require any action from the Drainage Board. As such, Count I is not available for judicial review pursuant to I.C. § 36-9-27-106(a) because the Drainage Board did not issue a final order and determinations from the county surveyor are not available for judicial review.

## III. *Count II*

In Count II of the petition, Bond asserts violations of sections 1, 2.2, 2.3, and 3 of the Knox County Stormwater Drainage Ordinance.

Section 1 of the Stormwater Drainage Ordinance clarifies the Ordinance's scope and purpose and states in very general terms that

> It is further recognized that any grading and other earthwork can alter the stormwater runoff for a particular site which can create increased concentrated flows outletting onto public road rights-of-way. These concentrated flows frequently result in damages to receiving roadside ditches and other read improvements, resulting in increased burden and costs for road maintenance.

(Appellant's App. p. 33). Section 2 then further specifies the Drainage Board's stormwater control policy, with Section 2.1 providing, in pertinent part

7

Drainage plans for any proposed earthwork not requiring the installation or modification of public drainage facilities within a public road right-of-way, and nor requiring the detention and controlled runoff for a specific development site, need not comply with Section 2.2 or Section 3 of this Ordinance, but shall substantially comply with all other applicable provisions of this Ordinance. Site sketches and descriptions adequately depicting the scope of proposed work shall be submitted to the Board for approval prior to conducting such activity.

(Appellant's App. p. 40). Section 2.2 lists the required information and data that has to be submitted, while Section 3 establishes the principles and standards of design for storm drainage.

Here, neither party alleges that the Cardinals' project required the installation or modification of public drainage facilities. Thus, as no such installation or modification was proposed, the Cardinals did not need to comply with Section 2.2 or 3 of the Ordinance. Likewise, as the Cardinals need not submit any plans, Section 2.3, which lists the timeframe for submittal of these drainage plans, is not applicable to them. Although the Cardinals are mandated to "substantially comply with all other applicable provisions of this Ordinance," Bond fails to state with specificity what other provisions are violated.[1] Therefore, the trial court properly dismissed Bond's petition for judicial review.

CONCLUSION

Based on the foregoing, we conclude that the trial court properly dismissed Bond's petition for judicial review.

Affirmed.

---

[1] For the first time on appeal, Bond argues that the Drainage Board violated Section 2.6 of the Stormwater Drainage Ordinance. As Bond failed to raise this claim in his petition and before the trial court, the argument is waived on appeal. *See Stainbrook v. Low*, 842 N.E.2d 386, 396 (Ind. Ct. App. 2006), *trans. denied*.

8

BARNES, J. concurs

BAKER, J. concurs with separate concurring opinion

# IN THE
# COURT OF APPEALS OF INDIANA

RICHARD J. BOND,              )
                            )
    Appellant-Petitioner,      )
                            )
        vs.               )     No.  42A01-1209-PL-422
                            )
KNOX COUNTY DRAINAGE BOARD and  )
DICK VERMILLION, As Knox County Surveyor, )
                            )
    Appellees-Respondents.     )

**BAKER, Judge, concurring**

While I concur with the majority, I write separately to distance myself from some of the majority's assertions.  The majority states, "Count I is not available for judicial review pursuant to I.C. § 36-9-27-106(a) because the Drainage Board did not issue a final order and determinations from the county surveyor are not available for judicial review." Memo op. at 7.

First, the Appellees concede that "[t]here is no dispute that the Knox County Drainage Board issued a final order or determination when it voted to grant the petition

of the Cardinals to discharge water into the north right-of-way of Twin Washouts Road." Appellees' Br. p. 6. Accordingly, I cannot agree with the first part of the majority's assertions quoted above.

Regarding the second half of the statement, I agree that, in this case, any determination made by Surveyor Vermillion pursuant to Indiana Code section 36-9-27-17 was not reviewable, insofar as that statute governs permission to connect a private drain into a regulated drain and does not pertain to any action taken by the Drainage Board, who issued the final order. However, I cannot agree with the bald assertion that determinations from a county surveyor are not available for judicial review.