ATTORNEY FOR APPELLANT
Robert G. Forbes
Hartford City, Indiana

ATTORNEY FOR APPELLEE
BLACKFORD COUNTY AREA
BOARD OF ZONING APPEALS
William V. Hughes
Muncie, Indiana

ATTORNEYS FOR APPELLEE
OOLMAN DAIRY, LLC
Jason M. Kuchmay
James A. Federoff
Fort Wayne, Indiana

FILED

Jun 16 2009, 12:04 pm

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court



No. 05S04-0902-CV-90

ELIZABETH THOMAS,

*Appellant (Petitioner below),*

v.

BLACKFORD COUNTY AREA
BOARD OF ZONING APPEALS,

*Appellee (Respondent below),*

and

OOLMAN DAIRY, LLC

*Appellee (Intervenor below).*

Appeal from the Blackford Circuit Court, No. 05C01-0609-PL-178
The Honorable Joel D. Roberts, Special Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 05A04-0711-CV-731

**June 16, 2009**

**Boehm, Justice.**

We affirm the trial court's conclusion that a property owner lacked standing to challenge a Board of Zoning Appeals ruling, and we address the procedural steps available to raise standing issues.

### Facts and Procedural History

Oolman Dairy sought a special exception to build and operate a confined animal feeding operation ("CAFO") in an agricultural district in Blackford County. The proposed CAFO would keep 2,000 cows on an approximately 27-acre site. Following a public hearing, the Blackford County Area Board of Zoning Appeals ("BZA") ruled that Oolman had met the criteria for a special exception.

Elizabeth Thomas owns her residence whose property line is approximately a third of a mile from the nearest point of the proposed CAFO. Thomas sought a writ of certiorari from the Blackford Circuit Court challenging the special exception. Oolman intervened and moved to dismiss Thomas's petition under Indiana Trial Rule 12(B)(6), arguing that Thomas was not an "aggrieved party" within the applicable statute and therefore lacked standing to challenge the BZA's ruling. The trial court denied that motion, noting that Thomas's petition alleged that she was an "aggrieved party," and ordered an evidentiary hearing on the standing issue. After hearing testimony and receiving evidence, the trial court found that Thomas had failed to establish standing and dismissed her petition.

The Court of Appeals reversed. Thomas v. Blackford County Area Bd. of Zoning Appeals, No. 05A04-0711-CV-731, slip op. at 2 (Ind. Ct. App. July 25, 2008), reh'g denied. The Court of Appeals noted that the trial court heard evidence outside of the pleadings and treated Oolman's motion to dismiss as a motion for summary judgment. Id. at 5. Because the evidence introduced at the hearing conflicted, the Court of Appeals held that summary judgment was inappropriate. Id. The Court of Appeals remanded "to afford the parties an opportunity to complete their presentation of evidence, if they have not done so already, and to render a decision on the merits." Id. at 6. We granted transfer.

2

**Procedural Posture and Standard of Review**

Motions to dismiss for lack of standing may be brought under Trial Rule 12(B)(6) for failure to state a claim on which relief can be granted. Huffman v. Ind. Office of Envtl. Adjudication, 811 N.E.2d 806, 813 (Ind. 2004). If the motion is presented under Rule 12(B)(6), the allegations of the complaint are required to be taken as true. Id. at 814. A successful 12(B)(6) motion alleging lack of standing requires that the lack of standing be apparent on the face of the complaint. Id. at 814. If affidavits or other materials are attached to the 12(B)(6) motion, it is treated as one for summary judgment under Rule 56. Ind. Trial Rule 12(B). Neither of these principles applied here. The trial court therefore correctly denied Oolman's 12(B)(6) motion because Thomas's complaint alleged that she was "aggrieved," and no factual backup was supplied to convert the motion to one under Rule 56.

This appeal is from the trial court's order that included findings and conclusions and dismissed Thomas's petition after an evidentiary hearing on the standing issue. A hearing on standing at which evidence is heard is not a hearing on a motion to dismiss for failure to state a claim. Rather, like a hearing on a motion to dismiss for lack of personal jurisdiction, it is a hearing at which factual issues may be resolved and factual determinations are reversed on appeal only if clearly erroneous. Bagnall v. Town of Beverly Shores, 726 N.E.2d 782, 786 (Ind. 2000) (reviewing the trial court's factual findings regarding standing for clear error); cf. LinkAmerica Corp. v. Albert, 857 N.E.2d 961, 965 (Ind. 2006) ("[P]ersonal jurisdiction turns on facts, . . . and findings of fact by the trial court are reviewed for clear error.").

**Standing**

This case is governed by the framework set out in Bagnall. Indiana Code section 36-7-4-1003(a) requires that a person be "aggrieved" to seek judicial review of a board of zoning appeals's decision. In Bagnall, we explained that

> To be aggrieved, the petitioner must experience a substantial grievance, a denial of some personal or property right or the imposition of a burden or obligation. The board of zoning appeals's decision must infringe upon a legal right of the petitioner that will be enlarged or diminished by the result of the appeal and the petitioner's resulting injury must be pecuniary in nature. A party seeking to petition for certiorari on behalf of a community must show some special injury other than that sustained by the community as a whole.

3

Id. at 786 (quotations and citations omitted).  The petitioner has the burden of proving that it is "aggrieved."  Bagnall, 726 N.E.2d at 786 (requiring the petitioner to show that it was aggrieved); see also Robertson v. Bd. of Zoning Appeals, 699 N.E.2d 310, 315 (Ind. Ct. App. 1998) (holding that a petitioner must demonstrate that it is aggrieved); Union Twp. Residents Ass'n v. Whitley County Redev. Comm'n, 536 N.E.2d 1044, 1045 (Ind. Ct. App. 1989) (holding that a petitioner lacked standing when it "failed to demonstrate" that it was aggrieved).

Thomas's contention that she was aggrieved hinged on her claim that the proposed CAFO would significantly impair the value of her home.  Thomas testified that she drove by other CAFOs at various distances and on some found odors and on some did not.  Both Thomas and Oolman presented evidence on the effect of CAFOs on residential property values.  Thomas testified to her visits to CAFOs in five other counties.  She also presented an expert who testified, based on studies of other CAFOs, that Thomas's property would lose seventy percent of its value.  The expert also presented articles concluding that residential properties near CAFOs suffered substantial losses in value.  On cross-examination, Oolman demonstrated that the expert's articles were from 1999 and 2001 and relied on data from other states relating to much denser operations involving swine.  Oolman also presented evidence that the expert's opinions and the publications did not account for increases in property values resulting from economic activity attributable to CAFOs.  Finally, Oolman presented expert testimony that real estate within two miles of the four dairy CAFOs in nearby Huntington County sold faster and at a higher price per square foot than other properties in that county.

The trial court evaluated this conflicting evidence and concluded that Thomas had not established that she was an "aggrieved party."  We cannot say this conclusion was clearly erroneous and therefore affirm the trial court.

Because we affirm the trial court's finding that Thomas lacked standing, the remaining issues on appeal are moot and we do not address them.

**Conclusion**

The judgment of the trial court is affirmed.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.

4