# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 06 2019, 8:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Brian Woodward
Merrillville, Indiana

ATTORNEY FOR APPELLEES

Schuyler D. Geller
Burke Costanza & Carberry, LLP
Merrillville, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Kristie L. Stepanovich,

*Appellant-Plaintiff,*

v.

Susan Houchin, Individually, and Susan Houchin, O.D., P.C.,

*Appellees-Defendants.*

May 6, 2019

Court of Appeals Case No.
18A-PL-2788

Appeal from the Lake Superior Court

The Honorable Elizabeth F. Tavitas, Special Judge

Trial Court Cause No.
45D03-1708-PL-4

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Plaintiff, Kristie L. Stepanovich (Stepanovich), appeals the trial court's Order dismissing her claims against Appellees-Defendants, Susan Houchin (Houchin) and Susan Houchin, O.D., P.C. (the P.C.) (collectively, Defendants).

We affirm in part, reverse in part, and remand for further proceedings.

# ISSUE

Stepanovich presents three issues on appeal, which we consolidate and restate as: Whether the trial court improperly dismissed her contract and tort claims against Defendants because she had failed to state claims upon which relief could be granted.

# FACTS AND PROCEDURAL HISTORY

Houchin was a licensed optometrist practicing in Crown Point, Indiana, whose professional practice was organized under the P.C. Houchin and Stepanovich were the equal co-owners of Envision Optical, Inc. (Envision Optical),[1] which provided non-medical services. Stepanovich was an employee of the P.C. as well as the registered agent and manager for Envision Optical. Stepanovich

---

[1] This business was alleged to have been organized previously as a limited liability company or corporation under the names Family Optical Center, LLC, and Envision Optical Center, LLC. For simplicity's sake we will refer to its final, corporate name of Envision Optical, Inc. (Envision Optical).

was separated from her employment with the P.C. in 2016. On February 24, 2017, Stepanovich filed her Complaint, which she sought leave to amend once, raising contract, tort, and statutory wage claims against Defendants. On August 11, 2017, Defendants filed motions to dismiss those claims. On December 21, 2017, the trial court granted Defendants' motions to dismiss.

On January 9, 2018, Stepanovich filed her Second Amended Complaint, raising claims of fraud, constructive fraud, Wage Payment Statute violations, breach of fiduciary duty, breach of contract, and *quantum meruit*. Stepanovich made the following relevant allegations in her Second Amended Complaint:

> 7. On September 4, 2002, [Stepanovich and Houchin] executed an Operating Agreement.
>
> 8. The Operating Agreement stated [Stepanovich and Houchin] would share in profits and losses equally.
>
> 9. [Stepanovich and Houchin] agreed that all of the income and expenses would be allocated between [the] P.C. and [Envision Optical] so that the net profit would all be generated by [Envision Optical] and be split equally between them; and that all income and proceeds from any source would be divided among them equally.
>
> * * * *
>
> 14. At all relevant times, [Stepanovich] was managing Envision Optical and certain non-medical profits were being split equally.

(Appellant's App. Vol. II, p. 20). Stepanovich also alleged that in September 2016, Houchin informed her that Houchin was selling all of her patient files to another optometrist for an unspecified sum and that Houchin began to unilaterally liquidate and commandeer the assets of Envision Optical.

[6] On February 5, 2018, Defendants filed motions to dismiss Stepanovich's Second Amended Complaint, arguing that the trial court lacked jurisdiction over Stepanovich's wage claims due to her failure to exhaust administrative remedies. Defendants appended an affidavit executed by Houchin (Houchin Affidavit) to their motion to dismiss the wage claims. On February 23, 2018, Stepanovich filed her Response to Defendants' dismissal motions, including her own Verified Supplemental Affidavit. On May 3, 2018, the trial court held oral argument on Defendants' motions to dismiss but accepted no new, substantive evidence. On August 2, 2018, the trial court issued its Order granting Defendants' motions to dismiss. The trial court treated Defendants' motions to dismiss as motions for summary judgment and entered the following relevant findings and conclusions:

> 4. As to the Motion to Dismiss the Tort and Contract Claims, the [c]ourt finds as a matter of law (and as admitted by [Stepanovich]) that [Stepanovich] "was not a medical professional entitled to share in the P.C.'s profits."

> 5. As to the respective shareholders' right to receive profits and proceeds of Envision Optical, Inc., the [c]ourt finds that Indiana statutes require liquidating corporations to distribute "remaining property among its shareholders *according to their interests*." I.C. § 23-1-45-5 (emphasis added). By her averment that she was a 50%

shareholder in Envision Optical, Inc., [Stepanovich] establishes as a matter of law that she was only entitled to 50% of the profits, assets, and proceeds of Envision Optical, Inc., upon its liquidation and winding up. To the extent that the [Second Amended Complaint] seeks a different distribution, it fails, as a matter of law, to state a claim on which relief can be granted.

(Appellant's App. Vol. II, pp. 16-17) (emphasis in original, footnote omitted). The trial court found that no genuine issues of material fact existed and that Defendants were entitled to summary judgment as a matter of law.

Stepanovich now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Procedural Posture*

As a threshold issue, we must address the procedural posture of this case because it impacts the nature of our review. As noted by Stepanovich, "[t]he trial court's order purported to grant [Defendants'] Motion to Dismiss pursuant to T.R. 56 because the parties considered materials outside the pleadings." (Appellant's Br. p. 10). Indiana Trial Rule 12 provides that a party who seeks to defend against a complaint with a 12(B)(6) motion to dismiss for failure to state a claim must file that motion "before pleading if a further pleading is permitted or within twenty [20] days after service of the prior pleading if none is required." If a party asserting a 12(B)(6) defense presents matters outside the pleadings which are not excluded by the trial court, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." T.R. 12(B). Thus, a 12(B)(6) motion is only converted to a summary judgment

motion if the defendant presents the trial court with matters outside the pleadings. *See*, *e.g.*, *Thomas v. Blackford Cty. Area Bd. of Zoning Appeals*, 907 N.E.2d 988, 990 (Ind. 2009) (noting that defendant's 12(B)(6) motion which lacked supporting affidavits or other materials would not be treated as a motion for summary judgment). A motion made pursuant to Rule 12(B)(1) is not converted to a summary judgment motion when matters outside the pleadings are attached to it. *Hill v. Beghin*, 644 N.E.2d 893, 895 (Ind. Ct. App. 1994), *trans. denied*.

[9]     Stepanovich presented claims of fraud, constructive fraud, statutory wage violations, breach of fiduciary duty, breach of contract, and *quantum meruit* in her Second Amended Complaint.[2] Before filing an answer, Defendants moved the trial court pursuant to Rule 12(B)(1) to dismiss Stepanovich's statutory wage claim for lack of subject matter jurisdiction. Attached to the 12(B)(1) motion were the Houchin Affidavit, Indiana Department of Workforce Development documents, and the Purchase Agreement for the sale of Envision Optical. In response to the 12(B)(1) motion, Stepanovich filed her Verified Supplemental Affidavit. Although this was styled as a supplemental affidavit, Stepanovich filed only one affidavit in the pleadings which followed the filing of her Second Amended Complaint.

---

[2] Stepanovich does not appeal the trial court's grant of summary judgment in favor of Defendants on her wage and *quantum meruit* claims.

[10] Contemporaneously with their 12(B)(1) motion, Defendants filed a motion pursuant to Rule 12(B)(6) seeking dismissal of Stepanovich's fraud, constructive fraud, breach of fiduciary duty, breach of contract, and *quantum meruit* claims for failure to state a claim. Defendants did not attach any affidavits or other supporting materials to the 12(B)(6) motion, and Stepanovich filed none in response. Neither party produced a copy of the 12(B)(6) motion in its appendix, so there is no basis in the record for us to conclude that Defendants incorporated the affidavits filed in the 12(B)(1) pleadings into their 12(B)(6) motion. Defendants referred to the Houchin Affidavit once in their Reply in Support of their 12(B)(6) motion to dismiss, but this was to point out that "Dr. Houchin's Rule 12(B)(1) affidavit is the exact same affidavit that she filed previously to challenge subject matter jurisdiction over [Stepanovich's] wage claim . . ." and was not an express incorporation of the Houchin Affidavit into the 12(B)(6) motion. The trial court did not accept any substantive evidence at the hearing on the motions to dismiss, and, at the hearing, both parties treated the 12(B)(6) motion as a challenge to the sufficiency of the Second Amended Complaint, not a summary judgment motion.

[11] Based upon Rule 12(B) and Defendants' failure to support their 12(B)(6) motion with matters outside the pleadings, we conclude that the trial court erred when it treated Defendants' 12(B)(6) motion as one for summary judgment. The improper conversion of a motion to dismiss to a motion for summary judgment is harmless where our review of the errors alleged is not altered, such as where the defense raised does not implicate the merits of the case. *See Blair v. Blair*,

643 N.E.2d 933, 935 (Ind. Ct. App. 1994) (finding improper conversion to summary judgment of motion to dismiss for lack of subject matter and personal jurisdictions harmless). However, a motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint, and the issue is whether the complaint establishes any set of circumstances under which the non-movant would be entitled to relief. *Doe v. Adams*, 53 N.E.3d 483, 491 (Ind. Ct. App. 2016), *trans. denied*. Resolution of this issue does not entail going beyond an examination of the complaint at issue. Without deciding whether a plaintiff in like circumstances is always prejudiced, we conclude that Stepanovich was prejudiced here because, in reaching its decision, the trial court relied on her statement in her Memorandum in Reply to Defendants' Motion to Dismiss[3] that she "'was not a medical professional entitled to share in the P.C.'s profits.'" (Appellant's App. Vol. II, p. 16). This was not an allegation contained within the four corners of the Second Amended Complaint. We conclude, therefore, that the trial court's error was not harmless.

[12]     We review *de novo* a trial court's dismissal for failure to state a claim. *Bellwether Props., LLC v. Duke Energy Ind., Inc.*, 87 N.E.3d 462, 466 (Ind. 2017). We also review a trial court's grant of summary judgment *de novo*. *Kerr v. City of South Bend*, 48 N.E.3d 348, 352 (Ind. Ct. App. 2015). Given that our standards of review for motions to dismiss and for summary judgment provide for no

---

[3] In its Order, the trial court referred to this as "Pl.'s Br. in Resp. to Mot. To Dismiss". (Appellant's App. Vol. II, p. 16).

deference to the trial court's decision, and in the interests of judicial economy, we will determine whether Stepanovich's Second Amended Complaint was subject to dismissal for failure to state a claim.

## II. *Failure to State a Claim*

[13] As noted above, a dismissal motion for failure to state a claim tests the legal sufficiency of a plaintiff's claim, not the adequacy of the facts supporting it. *EngineAir, Inc. v. Centra Credit Union*, 107 N.E.3d 1061, 1065 (Ind. Ct. App. 2018). Dismissal motions are not favored by the law, and, as such, they are properly granted only when the allegations of the complaint present no possible set of facts upon which the plaintiff can recover. *Id.* Indiana is a notice pleading state that requires only that a complaint recite a short and plain statement of the claim and a demand for relief. *BloomBank v. United Fid. Bank, F.S.B.*, 113 N.E.3d 708, 720 (Ind. Ct. App. 2018), *trans. denied*. When conducting a 12(B)(6) analysis, the facts alleged in the complaint are taken as true and are considered in the light most favorable to the nonmoving party, indulging every reasonable inference in the nonmoving party's favor. *Id.* The pertinent inquiry is whether the opposing party has been adequately notified of the operative facts concerning the claim so as to be able to defend against it. *Id.* at 720-21. Put another way, the allegations contained in a complaint are sufficient if they would put a reasonable person on notice as to why they are being sued by the plaintiff. *Id.*

[14] Although Indiana is a notice pleading state, claims of fraud are treated differently and are subjected to more stringent pleading requirements. Indiana

Trial Rule 9(B) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be specifically averred." To meet the heightened pleading requirements, the party raising the fraud claim must specifically allege the elements of fraud, the time, place and substance of false reports or facts that were misrepresented, and the identity of what was procured by the alleged fraud. *Kapoor v. Dybwad*, 49 N.E.3d 108, 132 (Ind. Ct. App. 2015), *trans. denied*. The exact level of particularity that is required will necessarily differ based on the facts of the case. *Id.* A plaintiff's failure to plead her fraud complaint with specificity constitutes a failure to state a claim upon which relief may be granted. *Id.*

## A. *Fraud*

The elements of fraud are: (i) material misrepresentations of past or existing facts by the party to be charged; (ii) which were false; (iii) which were made with knowledge or reckless ignorance of the falseness; (iv) were relied upon by the complaining party; and (v) proximately caused injury to the complaining party. *CRIT Corp. v. Wilkinson*, 92 N.E.3d 662, 670 (Ind. Ct. App. 2018). The presence or absence of the intent to deceive is the element that differentiates actual fraud from constructive fraud. *Kapoor*, 49 N.E.3d at 124.

Stepanovich alleged actual fraud as follows:

> 22. [Stepanovich] incorporate[s] by reference paragraphs 1 through 21 as stated herein[.]

23. [Houchin] represented that [the] P.C. and Envision Optical were structured so that all profits, past, present and future, were split equally and so that valuations were equivalent.

24. [Houchin] also represented that [Stepanovich] would be paid for the work completed on behalf of [the] P.C.

25. [Houchin] made such statements knowing them to be false or recklessly without knowledge as to their truth or falsity.

26. [Houchin's] concealments, omissions, false statements of material information, and affirmative representations made to [Stepanovich] regarding the financial condition of Envision Optical were at all relevant times materially incomplete, misleading, and fraudulent misrepresentations.

27. [Houchin] made such statements to induce [Stepanovich] to act upon them.

28. [Houchin] made the foregoing misrepresentations, and omitted information intentionally, willfully, maliciously, with knowledge of or with the [sic] recklessness as to the materially incomplete, misleading, and fraudulent nature of the misrepresentations.

29. [Stepanovich] justifiably relied upon [Houchin's] representations.

30. As a direct and proximate result of [Houchin's] conduct, [Stepanovich] has suffered monetary damages.

(Appellant's App. Vol. II, pp. 21-22).

[17] Thus, Stepanovich alleged that Houchin made concealments, omissions, false statements of material information, and affirmative representations regarding the financial condition of Envision Optical. As an example, Stepanovich alleged that Houchin represented to her that the P.C. and Envision Optical were structured so that all profits, past, present, and future, were split equally and so that the valuations of the two entities were equivalent. In the recitals of her Second Amended Complaint, Stepanovich alleged that she and Houchin had agreed to allocate all income and expenses between the P.C. and Envision Optical "so that the net profit would all be generated by [Envision Optical] and be split equally between them; and that all income and proceeds from any source would be divided among them equally." (Appellant's App. Vol. II, p. 20).

[18] Although Stepanovich argues that she only pleaded fraud as to Envision Optical, we agree with Defendants that at the root of Stepanovich's allegation is a claim that the parties agreed that Stepanovich would share in the profits of the P.C. by funneling them into Envision Optical. In essence, Stepanovich would be participating in the P.C. as a shareholder. However, a professional corporation may issue shares to individuals only if that individual is authorized by Indiana or another state's law to render a professional service. *See* Ind. Code § 23-1.5-3-1(a)(1). Stepanovich would only be able to enforce a profit-sharing agreement with the P.C. if she were professionally licensed to practice optometry. Stepanovich did not allege in her Second Amended Complaint that she was licensed to practice optometry in Indiana or any other state, and,

therefore, she failed to state a claim for fraud upon which relief could be granted.

[19] We also conclude that Stepanovich's fraud allegations were not specifically pleaded, in that they do not allege when Houchin was alleged to have made these representations or how Houchin communicated these alleged representations to Stepanovich, either the method used to make the representations or the exact nature of what was represented. Although Stepanovich incorporated her previous recitations into her fraud claim, she did not attempt to tie those previous recitations to those contained in her fraud claim, and, in any event, those previous recitations themselves do not supply the required detail.

[20] This court has recognized that some facts pertinent to a fraud claim may not be known to a plaintiff prior to filing her complaint. *See Kapoor*, 49 N.E.3d at 132 ("we remain sensitive to information asymmetries that may prevent a plaintiff from offering more detail.") (quotation omitted). However, these representations were alleged to have been made by Houchin directly to Stepanovich, and, thus, the details about when and how these representations were made were ostensibly known to Stepanovich when she filed her Second Amended Complaint. On appeal, Stepanovich addresses the adequacy of the allegations of her Second Amended Complain but does not acknowledge that a heightened pleading standard applied to her fraud claims. Due to this failure to specifically plead her allegations, Stepanovich also failed to state a claim for fraud. *Kapoor*, 49 N.E.3d at 132.

In addition, Stepanovich's allegation that Houchin represented that she "would be paid" for work for the P.C. was subject to dismissal because it was not an alleged misrepresentation of past or existing fact. A fraud allegation may not be premised on a representation of future action or future conduct. *See Kopis v. Savage*, 498 N.E.2d 1266, 1272 (Ind. Ct. App. 1986) (holding that fraud "cannot be based on broken promises, unfulfilled predictions, or statements of existing intent which are not executed."). Stepanovich's claim that Houchin represented that she would be paid was at most a promise of future action that was also subject to dismissal for failure to state a claim.

### B. *Constructive Fraud*

The elements of constructive fraud are: "(i) a duty owing by the party to be charged to the complaining party due to their relationship; (ii) violation of that duty by the making of deceptive material misrepresentations of past or existing facts or remaining silent when a duty to speak exists; (iii) reliance thereon by the complaining party; (iv) injury to the complaining party as a proximate result thereof; and (v) the gaining of an advantage by the party to be charged at the expense of the complaining party." *Earl v. State Farm Mut. Auto. Ins. Co.*, 91 N.E.3d 1066, 1073 (Ind. Ct. App. 2018), *trans. denied*.

Stepanovich alleged constructive fraud as follows:

> 31. [Stepanovich] incorporate[s] by reference paragraphs 1 through 21 as stated herein.

32. Because of their relationship as shareholders in a closely held corporation, [Houchin] had a fiduciary duty to [Stepanovich].

33. [Houchin] violated that duty by making deceptive material representations of past or existing facts or remaining silent when [Houchin] had a duty to speak.

34. [Houchin] committed numerous acts of constructive fraud, including but not limited to, the following:

a. Selling entity assets without [Stepanovich's] permission.

b. Failing to split non-medical profits from entities equally.

c. Failing to split any debts owed on behalf entities equally.

d. Other ways not yet identified.

35. While committing these acts of fraud, [Stepanovich] had a reasonable right to rely on the representations made to her by [Houchin].

36. [Stepanovich] reasonably relied on the acts of [Houchin].

37. As a proximate cause of [Houchin's] actions, [Stepanovich] has suffered damages in the form of lost profits, wages, her time, and in other ways.

38. As a proximate cause of [Houchin's] actions, [Houchin] has gained an advantage at the expense of [Stepanovich].

39. [Stepanovich] has suffered and will continue to suffer severe irreparable damages as a result of [Stepanovich's] reliance on the acts of fraud committed by [Houchin].

(Appellant's App. Vol. II, pp. 22-23).

[24] Stepanovich alleged in her constructive fraud claim that Houchin had a fiduciary duty towards her and that "[Houchin] violated that duty by making deceptive material representations of past or existing facts or remaining silent when [Houchin] had a duty to speak." (Appellant's App. Vol. II, p. 22). Stepanovich then alleged three acts that she claimed constituted constructive fraud. As set forth above, inasmuch as the acts alleged consisted of an agreement to share in the profits of the P.C., Stepanovich failed to state a claim upon relief could be granted.

[25] While the language of the constructive fraud claim tracks the language of this court's decisions on constructive fraud, like Stepanovich's fraud claim, this claim is not specifically pleaded in that it does not allege when Houchin made the deceptive material representations or remained silent when Houchin had a duty to speak or how she did so, either in manner or substance. This court has held that, where a failure to disclose information is the heart of a claim for constructive fraud, the non-disclosure is not an event that can be pleaded with specificity, and it is enough to simply plead that the disclosure did not occur. *BloomBank*, 113 N.E.3d at 721. However, Stepanovich pleaded non-disclosure in the alternative, and so we cannot say that it is the heart of the complaint.

Stepanovich further alleged that Houchin committed numerous acts of constructive fraud such as selling "entity" assets, failing to split non-medical profits from "entities" equally, and failing to split debts owed on behalf of "entities" equally. (Appellant's App. Vol. II, p. 22). However, these allegations do not provide any detail about Houchin's alleged deceptive material representations or silence, as they are not representations or omissions of speech. The acts alleged to have constituted constructive fraud are themselves not specifically pleaded, as Stepanovich does not specify to what entity or entities she is referring. Because of these defects and omissions, Stepanovich's claim of constructive fraud was likewise subject to dismissal for its failure to state a claim.

C. *Breach of Fiduciary Duty*

The elements of the tort of breach of fiduciary duty are: (i) the existence of a fiduciary relationship; (ii) a breach of the duty owed by the fiduciary to the beneficiary; and (iii) harm to the beneficiary. *Jaffri v. JPMorgan Chase Bank, N.A.*, 26 N.E.3d 635, 639 (Ind. Ct. App. 2015). Shareholders in a closely-held corporation stand in a fiduciary relationship to each other. *Barth v. Barth*, 659 N.E.2d 559, 561 (Ind. 1995). As such, they must deal fairly, honestly, and openly with the corporation and their fellow shareholders. *McLinden v. Coco*, 765 N.E.2d 606, 615 (Ind. Ct. App. 2002).

Stepanovich alleged breach of fiduciary duty in relevant part as follows:

49. As shareholders in a closely held corporation, [Stepanovich and Houchin] owed each other the utmost duty of good faith and fair dealing.

50. As shareholders in a closely held corporation, a fiduciary relationship existed between [Stepanovich and Houchin].

51. Houchin represented to [Stepanovich] that [the PC.] would pay all debts owed to Envision Optical.

52. Houchin represented to [Stepanovich] that the profits and debts of Envision Optical would be shared equally upon dissolution.

53. [Houchin's] misrepresentation and failure to disclose information to [Stepanovich] constitutes breach of fiduciary duty to her partner.

54. [Stepanovich] has been harmed by [Houchin's] breach of her fiduciary duties.

(Appellant's App. Vol. II, p. 24).

[29] Stepanovich alleged that (i) she and Houchin were in a fiduciary relationship because they were shareholders in a closely-held corporation; (ii) Houchin owed her a duty of good faith and fair dealing which she breached with misrepresentations and failure to disclose information; and (iii) she was damaged as a result of that breach. Although Houchin alleged a breach of misrepresentation and failure to disclose, our research uncovered no cases where this court applied the heightened pleading requirements applicable to

fraud to a claim for breach of fiduciary duty, and so we find that these allegations recited the operative facts of a claim for breach of fiduciary duty and were not subject to dismissal for failure to state a claim.

[30] As to the allegation of Paragraph 51 that Houchin represented that the P.C. would pay all debts owed to Envision Optical, we conclude that was an allegation of an agreement that could not be enforced, as set forth above. As such, that allegation did not state a claim upon which relief could be granted. However, Stepanovich's allegation that Houchin represented to her that the profits and debts of Envision Optical would be shared equally upon dissolution was adequately pleaded, and she may proceed on that claim.

### D. *Breach of Contract*

[31] The elements of a breach of contract claim are: (i) the existence of a contract; (ii) the defendant's breach thereof; and (iii) damages. *Murat Temple Ass'n, Inc. v. Live Nation Worldwide, Inc.*, 953 N.E.2d 1125, 1128-29 (Ind. Ct. App. 2011), *trans. denied*. Stepanovich made the following relevant allegations in her breach of contract claim:

> 56. As shareholders in a closely held corporation, [Stepanovich and Houchin] agreed to share in the profits and losses of Envision Optical equally.

> 57. [Houchin] and [the] P.C. breached this agreement by not paying Envision Optical the indebtedness owed by [the] P.C., and by converting funds from Envision Optical for her own personal use.

58. [Houchin] breached their agreement regarding the sharing in the profits and losses with Envision Optical upon dissolution, and by failing to allocate the proceeds of the sale of [the] P.C. and Envision [Optical] so that each received equal amounts.

59. As a proximate result of [Houchin's] breach, [Stepanovich] suffered and will continue to suffer irreparable damages as a result of the breaches of contract committed by [Houchin] and [the] P.C.

60. [Stepanovich] is entitled to recover compensatory damages in an amount sufficient to compensate her for the damages and injuries caused by [Houchin's] and [the] P.C.'s breach.

(Appellant's App. Vol. II, p. 25).

[32] Thus, Stepanovich claimed that (i) an agreement to share profits and losses in Envision Optical existed between the two shareholders; (ii) Houchin breached this agreement in four ways: not paying Envision Optical the debt owed to it by the P.C., converting funds from Envision Optical, failing to share the profits and losses of Envision Optical upon dissolution, and failing to equally allocate the proceeds of the sales of the P.C. and Envision Optical; and (iii) damages were proximately caused by those breaches. We conclude that, under the regular notice pleading standard applicable to non-fraud claims, these allegations were adequately pleaded, except for the allegations based upon the alleged agreement to share the profits of the P.C. Thus, Stepanovich may proceed on her breach of contract claims based upon her allegations that Houchin converted funds from Envision Optical and failed to share the profits

and losses equally from Envision Optical upon dissolution, inasmuch as they do not rely upon the alleged agreement to share in the profits of the P.C.

# CONCLUSION

[33] Based on the foregoing, we conclude that the trial court erred when it treated Defendants' dismissal motion as a motion for summary judgment and that Houchin may proceed on her breach of fiduciary duty and contract claims that are not based upon the alleged agreement to share in the profits of the P.C.

[34] Affirmed in part, reversed in part, and remanded for further proceedings.

[35] Bailey, J. and Pyle, J. concur