## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 17 2019, 9:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT
Philip E. Kalamaros
St. Joseph, Michigan

ATTORNEY FOR APPELLEE:
AREA BOARD OF ZONING
APPEALS OF ST. JOSEPH
COUNTY

Jamie C. Woods
Brandie E. Ecker
Mishawaka, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Thomas Mustillo,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Area Board of Zoning Appeals of St. Joseph County and Ceres Partners, LLC,<br>*Appellee-Respondents.* | October 17, 2019<br><br>Court of Appeals Case No. 19A-CT-1161<br><br>Appeal from the St. Joseph Superior Court<br><br>The Honorable Jenny Pitts-Manier, Judge<br><br>Trial Court Cause No. 71D05-1903-CT-96 |

**Tavitas, Judge.**

## Case Summary

Thomas Mustillo appeals the trial court's dismissal of his amended petition for judicial review of a decision of the St. Joseph County Area Board of Zoning Appeals ("BZA"). We reverse and remand.

## Issue

Mustillo raises one issue, which we restate as whether the trial court properly dismissed Mustillo's amended petition for judicial review due to lack of standing.

## Facts

Mustillo lives adjacent to the South Bend property at issue here. In 1991, the property was rezoned from "A Residential to C-1 Commercial." Appellant's App. Vol. II p. 56. The property is surrounded by a residential district on all sides. In 1992, the property was granted a variance for parking; the off-street parking requirements were reduced from thirty-two spaces to four spaces with "one ADA space." *Id.* In 2004, the property was rezoned "O Office." *Id.*

In July 2018, the owners of the property[1] filed a building permit application to extensively renovate the building. The proposed construction would increase the gross floor area by 3,000 square feet, from 9,212 square feet to 12,212

---

[1] Ceres Partners, LLC, is identified as the property owner in the chronological case summary. Mustillo's amended petition identifies Superior Property Holdings, LLC, as the entity to which the permit was issued.

square feet. The renovation would "transform a precast two-story, 2 bath, retail store, into a three-story, full brick, stone, and glass exterior office building, with an additional deck on the roof, an elevator, 6 bathrooms, wet bar, and 18 suites." *Id.* at 57. On August 9, 2018, an improvement location permit (the "permit") was issued for the renovation. Mustillo appealed the issuance of the permit to the BZA. On February 13, 2019, the BZA affirmed the issuance of the permit.

[5] On March 12, 2019, Mustillo filed a petition for judicial review, and the BZA filed a motion to dismiss. On March 26, 2019, Mustillo filed a first amended petition for judicial review. The BZA then filed a motion to dismiss the amended petition for judicial review. The BZA argued that the amended petition should be dismissed pursuant to Indiana Trial Rule 12(B)(6) for lack of standing. After a hearing, the trial court entered the following order dismissing Mustillo's amended petition:

> Defendant's Motion to Dismiss Plaintiff's Amended Complaint is granted. Plaintiff has not articulated "a denial of some personal or property right of the imposition of a burden or obligation" suffered by him as a result of the action of the Defendant at issue, as is required by *Bagnall v. Town of Beverly Shores*, 726 N.E.2d 782, 785 (Ind. 2000) to confer standing upon Plaintiff as a person "aggrieved" by the Defendant's action.

Appellant's App. Vol. II p. 117. Mustillo now appeals.

# Analysis

Mustillo argues that the trial court erred by granting the BZA's motion to dismiss for lack of standing. Motions to dismiss for lack of standing may be brought under Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted. *Thomas v. Blackford Cty. Area Bd. of Zoning Appeals*, 907 N.E.2d 988, 990 (Ind. 2009). A motion to dismiss under Indiana Trial Rule 12(B)(6) "tests the legal sufficiency of the [plaintiffs'] claim, not the facts supporting it." *Bellwether Properties, LLC v. Duke Energy Indiana, Inc.*, 87 N.E.3d 462, 466 (Ind. 2017) (citation omitted). Dismissals are improper under Trial Rule 12(B)(6) "'unless it appears to a certainty on the face of the complaint that the complaining party is not entitled to any relief.'" *Id.* (quoting *State v. American Family Voices, Inc.*, 898 N.E.2d 293, 296 (Ind. 2008)).

We review a Trial Rule 12(B)(6) dismissal "de novo, giving no deference to the trial court's decision." *Id.* "In reviewing the complaint, we take the alleged facts to be true and consider the allegations in the light most favorable to the nonmoving party, drawing every reasonable inference in that party's favor." *Id.* The dismissal of a complaint under Trial Rule 12(B)(6) "is seldom appropriate" because such dismissals "undermine the policy of deciding causes of action on their merits." *BloomBank v. United Fid. Bank F.S.B.*, 113 N.E.3d 708, 720 (Ind. Ct. App. 2018), *trans. denied*.

Indiana Code Section 36-7-4-1603(a) governs standing to obtain judicial review of a zoning decision and provides:

The following have standing to obtain judicial review of a zoning decision:

(1) A person to whom the zoning decision is specifically directed.

(2) A person aggrieved by the zoning decision who participated in the board hearing that led to the decision, either:

(A) by appearing at the hearing in person, by agent, or by attorney and presenting relevant evidence; or

(B) by filing with the board a written statement setting forth any facts or opinions relating to the decision.

(3) A person otherwise aggrieved or adversely affected by the zoning decision.

Subsection (a)(2) is applicable here because Mustillo participated in the BZA hearing and presented evidence.

[9] Both parties rely significantly on our Supreme Court's opinion in *Bagnall v. Town of Beverly Shores*, 726 N.E.2d 782 (Ind. 2000). In *Bagnall*, the Pavels submitted three petitions to the Board of Zoning Appeals of the Town of Beverly Shores and sought variances. The Bagnalls owned property that was "three lots of approximately 150 feet" from the Pavels' property. *Bagnall*, 726 N.E.2d at 783. The BZA granted each of the Pavels' petitions, and the Bagnalls filed timely petitions for writ of certiorari with the trial court regarding each

variance petition. The BZA filed a motion to dismiss the first and third petitions because the Bagnalls failed to provide the proper statutory notice to adverse parties. With respect to the second petition, the BZA argued that the Bagnalls "lacked standing because they were not aggrieved parties." *Id.* at 784. The trial court conducted a hearing and granted each of the motions to dismiss.

[10] On appeal, our Supreme Court held:

> To be aggrieved, the petitioner must experience a substantial grievance, a denial of some personal or property right or the imposition of a burden or obligation. The board of zoning appeals's decision must infringe upon a legal right of the petitioner that will be enlarged or diminished by the result of the appeal and the petitioner's resulting injury must be pecuniary in nature. A party seeking to petition for certiorari on behalf of a community must show some special injury other than that sustained by the community as a whole.

*Id.* (quotations and citations omitted).

[11] In discussing the second petition, our Supreme Court held:

> The Board concedes that a sufficient legal interest is present in zoning cases if the petitioner owns property that is "adjacent" to or "surrounding" the subject property but contends that both terms require that the properties touch or adjoin each other. Appellee's Br. to the Court of Appeals at 12 (quoting *Williams-Woodland Park Neighborhood Ass'n v. Board of Zoning Appeals*, 638 N.E.2d 1295, 1298 (Ind. Ct. App. 1994)). However, nothing in *Williams-Woodland Park* suggests that the petitioners who were adjudged to be "aggrieved" parties with standing owned property adjacent to the property involved in the appeal. *See id.* at 1299. The Bagnalls contend that their lot is in the "immediate vicinity"

of Lot 11 and therefore "surrounds" it. Essentially, the Board argues that "surrounding" is superfluous language and adds nothing to the requirement that the petitioner's property be "adjacent to," touch, or adjoin the property involved in the appeal.

We are not inclined to give the term "surrounding" so restrictive a reading. Where possible, we interpret a statute such that every word receives effect and meaning and no part is rendered "meaningless if it can be reconciled with the rest of the statute." *Spaulding v. International Bakers Servs., Inc.*, 550 N.E.2d 307, 309 (Ind. 1990). "Surrounding" is not a superfluous word and as such encompasses petitioners who own property that is not adjacent to, but is in the vicinity of, the property involved in variance requests. At the same time, the term is not precise, leaving to judicial determination whether a petitioner's property is sufficiently close to the variance property that its owner is "aggrieved" under the statute.

Here the trial court found that the Bagnalls' lot was not adjacent to or surrounding the Pavel lot in that "there [were] three (3) lots of 50 feet each between Lot 7 and Lot 11 for a total separation of 150 feet" and that the Bagnalls "[did] not have a substantial grievance, a legal right, legal interest or pecuniary injury." (R. at 301.) As such, the trial court found that the Bagnalls did not show that they were aggrieved within the meaning of Ind. Code § 36-7-4-1003. We will not set aside a trial court's findings unless they are clearly erroneous. Ind. Trial Rule 52(A); *see also Indiana State Highway Comm'n v. Curtis*, 704 N.E.2d 1015, 1017 (Ind. 1998). The Bagnalls have not demonstrated that the trial court's findings were clearly erroneous. They presented nothing in their petition nor did they enter any evidence in the record to suggest that the Lot 11 zoning variance would result in infringement of a legal right resulting in pecuniary injury as required by *Williams-Woodland*, 638 N.E.2d at 1299, or a special injury beyond that sustained by the entire community as required by [*Robertson v. Bd.*

*of Zoning Appeals, Town of Chesterton*, 699 N.E.2d 310, 315 (Ind. Ct. App. 1998)]. Therefore, we affirm the trial court's findings that the Bagnalls lack standing to petition for judicial review and are not aggrieved parties within the meaning of the statute.

*Id.* at 786.

[12] Based on *Bagnall*, the issue here is whether the BZA's decision infringes upon a legal right of Mustillo that will be enlarged or diminished by the result of the appeal and whether Mustillo's resulting injury is pecuniary in nature. In determining this issue, we find our Supreme Court's opinion in *Thomas v. Blackford Cty. Area Bd. of Zoning Appeals*, 907 N.E.2d 988, 991 (Ind. 2009), to be instructive. In *Thomas*, a property owner challenged the BZA's grant of a special exception for a confined animal feeding operation ("CAFO"). The dairy farmer filed a motion to dismiss the petition for judicial review and argued that the property owner was not an "aggrieved party." The trial court held an evidentiary hearing on the standing issue and found that the property owner "failed to establish standing and dismissed her petition." *Thomas*, 907 N.E.2d at 990.

[13] On appeal, the standard of review was a significant issue. Our Supreme Court noted: "The trial court therefore correctly denied [the dairy farmer's] 12(B)(6) motion because [the property owner's] complaint alleged that she was 'aggrieved,' and no factual backup was supplied to convert the motion to one under Rule 56." *Id.* The Court, however, applied a clearly erroneous standard

of review because an evidentiary hearing was held and findings of fact and conclusions of law were issued:

> This appeal is from the trial court's order that included findings and conclusions and dismissed [the property owner's] petition after an evidentiary hearing on the standing issue. A hearing on standing at which evidence is heard is not a hearing on a motion to dismiss for failure to state a claim. Rather, like a hearing on a motion to dismiss for lack of personal jurisdiction, it is a hearing at which factual issues may be resolved and factual determinations are reversed on appeal only if clearly erroneous.

*Id.* at 990-91. Ultimately, the Court held that the trial court evaluated conflicting evidence as to whether the petitioner was aggrieved and that the trial court's conclusion was not clearly erroneous.

[14]  Here, the trial court did not conduct an evidentiary hearing to determine Mustillo's standing. Rather, the trial court's decision on the motion to dismiss was based solely on the pleadings. In the amended petition, Mustillo alleged:

> Petitioner's home is a direct neighbor sharing a side yard boundary with the subject property which has non-conforming setbacks. The Petitioner and the subject property also share use of a vacated alleyway. The [permit] and its affirmance has allowed an inappropriately large office building to be constructed dwarfing the petitioner's home. This structure could not be built as an office building on the lot within the current office zoning. Petitioner is aggrieved by the diminished value of his property as a result of the [permit] and its parameters. The [permit] changes the use of the land, changes the gross floor area of the nonconforming structure by 33%, and changes the height of the structure by more than 50%. The third-floor addition allowed by the [permit] to the structure, which is already too close to his

home, makes the office building tower over Petitioner's property. These physical features are in such immediate proximity to diminish the value and attraction of Petitioner's property.

Size of the building, the use of the property and the lack of onsite parking reduces the value of his property. The convenience of street parking to Petitioner's home is substantially interfered with. The [permit] contravened any reasonable expectation that the Petitioner had of the future of the subject property by violating the applicable requirements for non-conforming structures and variances. All of these elements have diminished the value and the marketability of the petitioner's home.

Appellant's App. Vol. II pp. 70-71.

[15]     Mustillo, thus, alleged in his amended petition that he will suffer a diminished value of his property due to the renovation's inappropriately large size and lack of parking. Under the standard of review for a motion to dismiss, we must take the alleged facts to be true. We have held that "the owner of real estate is assumed to possess sufficient acquaintance with it to estimate the value of the property although his knowledge on the subject might not be such as would qualify him to testify if he were not the owner." *Benton Cty. Remonstrators v. Bd. of Zoning Appeals of Benton Cty.*, 905 N.E.2d 1090 (Ind. Ct. App. 2009) (citing *State v. Hamer*, 199 N.E. 589, 595, 211 Ind. 570, 585 (1936)). In *Benton Cty. Remonstrators*, we held that "the opinion of the adjoining landowners as to the devaluation of their own property is sufficient to constitute a special injury and establish a potential pecuniary harm." *Id.*

Taking the allegations in the amended petition as true, we conclude that the BZA's decision infringes upon a legal right of Mustillo that will be enlarged or diminished by the result of the appeal and Mustillo's resulting injury is pecuniary in nature.[2] As such, Mustillo qualifies as "aggrieved" pursuant to Indiana Code Section 36-7-4-1603 and has standing. Under these circumstances, we must conclude that the trial court erred by granting the BZA's motion to dismiss.

## Conclusion

The trial court erred by granting the BZA's motion to dismiss Mustillo's amended petition for judicial review of the BZA decision. We reverse and remand for further proceedings.

Reversed and remanded.

Brown, J., and Altice, J., concur.

---

[2] Mustillo also alleged harm on behalf of the community as follows:

> In addition to the personal aggrievement, the public is affected overall by [the] improper [permit]. The [permit] decreases street parking in the neighborhood, increases danger to the children in the park across the street, expands an inconsistent use for the structure within the neighborhood and other problems as presented by those who spoke in favor of the appeal, all adversely affecting the neighborhood.

Appellant's App. Vol. II p. 71. *Bagnall* held: "A party seeking to petition for certiorari on behalf of a community must show some special injury other than that sustained by the community as a whole." *Bagnall*, 726 N.E.2d at 786. A decrease in street parking and an increase in danger to the children in the park are injuries that would be sustained by the community as a whole and would not qualify Mustillo as aggrieved. As noted above, however, Mustillo has properly alleged a special injury other than that sustained by the community as a whole.